BOARD OF EDUCATION OF THE MENTOR EXEMPTED VILLAGE SCHOOL DISTRICT, APPELLEE, *v.* BOARD OF REVISION OF LAKE COUNTY; SHULMAN ET AL., APPELLANTS.

[Cite as Mentor Exempted Village Bd. of Edn. *v.* Lake Cty. Bd. of Revision (1988), 37 Ohio St. 3d 318.]

(No. 87-364—Submitted May 4, 1988—Decided July 6, 1988.)

*Schwarzwald, Robiner, Wolf & Rock Co., L.P.A.,* and *Donald M. Robiner,* for appellee.

*Fred Siegel Co., L.P.A., Fred Siegel, Wayne E. Petkovic* and *Karen H. Bauernschmidt,* for appellants.

*Per Curiam.* Appellants first argue that the BTA should have considered the sale of the property in 1985 in arriving at its valuation. Appellants' failure to support their motion for reconsideration with an affidavit was contrary to the BTA's rule, Ohio Adm. Code 5717-1-07(B).[1] The BTA may adopt rules to govern proceedings before it. R.C. 5703.02(D). Unless it is unreasonable or in conflict with statute, a rule has the effect of law. *Kroger Grocery & Baking Co.* v. *Glander* (1948), 149 Ohio St. 120, 125, 36 O.O. 471, 474, 77 N.E. 2d 921, 924. The BTA's failure to consider evidence

---

[1] Ohio Adm. Code 5717-1-07(B), in pertinent part, states:

"(3) Motions for reconsideration * * * shall provide as follows:

"* * *

"(c) Any factual statements alleged shall be supported by affidavit and the motion must recite the reason why such facts or law were not, with due diligence, available at the hearing."

of this sale was neither unreasonable nor unlawful because it was not presented as required by rule.[2]

Moreover, appellants did not present any evidence to the BTA. Once the school board had presented evidence that the property's value was different from that determined by the board of revision, appellants, who were the appellees before the BTA, should have rebutted the school board's evidence. The taxpayers had the obligation to prove their right to a reduction in value. *Western Industries v. Hamilton Cty. Bd. of Revision* (1960), 170 Ohio St. 340, 342, 10 O.O. 2d 427, 164 N.E. 2d 741, 743; *Rollman & Sons Co. v. Bd. of Revision* (1955), 163 Ohio St. 363, 56 O.O. 337, 127 N.E. 2d 1, paragraph one of the syllabus; *Hibschman v. Bd. of Tax Appeals* (1943), 142 Ohio St. 47, 48, 26 O.O. 239, 240, 49 N.E. 2d 949, 950. They suffer for their inaction.

Appellants also argue that the only evidence before the BTA tended to show that the property's true value was $510,000. They argue that it was unreasonable for the BTA to value it at $527,285.71.

In *Cleveland Trust Co. v. Bd. of Revision* (1955), 163 Ohio St. 579, 57 O.O. 9, 127 N.E. 2d 748, this court reversed a BTA value determination that was higher than that shown by the evidence before it. We find the same situation to be present in the instant case. The BTA is not required to adopt the valuation fixed by any witness, and it is vested with wide discretion to determine the weight to be given to evidence and the credibility of witnesses before it. Nevertheless, we will disturb the BTA's decision with respect to a valuation only where the decision affirmatively appears from the record to be unreasonable or unlawful. *Cardinal Federal S. & L. Assn. v. Bd. of Revision* (1975), 44 Ohio St. 2d 13, 73 O.O. 2d 83, 336 N.E. 2d 433, paragraph four of the syllabus.

In the instant case, the only evidence before the BTA was that the property's true value was $510,000. The record does not support its decision that the value was $527,285.71. To the extent that the valuation was entered in an amount greater than $510,000, it is unreasonable. Accordingly, the BTA's decision is reversed and the cause is remanded to it to enter a valuation in the amount of $510,000.

*Decision reversed*
*and cause remanded.*

LOCHER, HOLMES, WRIGHT and H. BROWN, JJ., concur.

MOYER, C.J., SWEENEY and DOUGLAS, JJ., dissent.

DOUGLAS, J., dissenting. I respectfully dissent. It has long been the policy of this court not to disturb a decision of the BTA regarding valuation unless the decision of the BTA is unreasonable or unlawful. *Bd. of Revision v. Fodor* (1968), 15 Ohio St. 2d 52, 44 O.O. 2d 30, 239 N.E. 2d 25. I do not find from the record that the decision of the BTA fails either test. I would affirm the decision of the BTA.

MOYER, C.J., and SWEENEY, J., concur in the foregoing dissenting opinion.

---

[2] The BTA had no authority to issue a decision after appellants appealed to this court. *National Tube Co. v. Ayres* (1949), 152 Ohio St. 255, 40 O.O. 312, 89 N.E. 2d 129, paragraph one of the syllabus. The BTA effectively denied the motion for reconsideration when it did not act upon it before the appeal was filed.