R.R.Z. ASSOCIATES, APPELLANT, *v.* CUYAHOGA COUNTY BOARD OF REVISION ET AL., APPELLEES.

[Cite as R.R.Z. Associates *v.* Cuyahoga Cty. Bd. of Revision (1988), 38 Ohio St. 3d 198.]

(No. 87-1349—Submitted May 16, 1988—Decided August 24, 1988.)

*Fred Siegel Co., L.P.A.*, *Fred Siegel* and *Karen H. Bauernschmidt,* for appellant.

*John T. Corrigan,* prosecuting attorney, and *Richard A. Wise,* for appellees.

*Per Curiam.* We will consider appellant's first four propositions of law together.

Appellant argues that the board of revision can not be made a party to this proceeding under R.C. 5717.01 and thus may not present evidence to the BTA. Appellant further argues that after the county auditor establishes the property's value, he is estopped from asserting any other value, and may only correct clerical errors and omissions. Finally, appellant argues that, since the board of education did not present any evidence to the BTA, and since the BTA disregarded the sale price that the board of education alleged was the property's true value, the board of education did not rebut appellant's evidence. Thus, according to appellant, the property's value for 1982 must be the auditor's value of $2,240,000.

Appellant correctly observes that R.C. 5717.01,[1] which specifies who may appeal to the BTA from a board of revision decision, does not specify that the board of revision is to be made a party.

In *American Steel & Wire Co. of New Jersey* v. *Bd. of Revision of Cuyahoga Cty.* (1942), 139 Ohio St. 388, 389, 22 O.O. 445, 40 N.E. 2d 426, 427, this court addressed this question:

"The board of revision raises many questions. It first challenges the style of the case maintaining that there is no authority to make a deciding tribunal an adverse party in proceedings such as are involved here. It need only be said that no valid objection can be made to such a course. The proceeding is adversary and the parties appealing are denominated appellants and the adverse parties appellees. See Section 5611-2, General Code [now R.C. 5717.03]."

While the board of revision is a deciding tribunal, it is not a truly impartial tribunal in the sense that a trial court or the BTA is. The board of revision is composed of the county auditor, who establishes the initial true value of property, the county treasurer, who collects taxes based upon the true value, and the president of the board of county commissioners, which operates the county government.

R.C. 5717.01 states who may appeal a decision by the board of revision; it does not preclude a board of revision from being named an appellee. A board of revision, composed of three county officials who conduct the affairs of the county, has an interest in the case because the value decision affects the county's tax revenues.

Therefore, a board of revision is appropriately named an appellee in these proceedings.

Appellant also maintains that once a property's value is listed on the books by the county auditor, the auditor can

---

[1] R.C. 5717.01, in pertinent part, states:

"An appeal from a decision of a county board of revision may be taken to the board of tax appeals within 30 days after notice of the decision of the county board of revision is mailed as provided in section 5715.20 of the Revised Code. Such an appeal may be taken by the county auditor, the tax commissioner, or any board, legislative authority, public official, or taxpayer authorized by section 5715.19 of the Revised Code to file complaints against valuations or assessments with the auditor. Such appeal shall be taken by the filing of a notice of appeal, either in person or by certified mail, with the board of tax appeals and with the county board of revision. * * *"

change this value only if he made a clerical error or omission, under R.C. 5713.19, 5713.20, or 5713.21. The auditor may not, according to appellant, assert that the property has any other value.

R.C. 5713.01 provides that the auditor is the assessor of real estate and shall assess all real estate according to the appropriate statutes and rules. This statute also provides the following:

"* * * The auditor shall revalue and assess *at any time* all or any part of the real estate in such county * * *. He may increase or decrease the true value or taxable value of any lot or parcel of real estate in any township, municipal corporation, or other taxing district by an amount which will cause all property on a tax list to be valued as required by law * * *." (Emphasis added.)

The auditor is thus free, "at any time," to seek a property's correct value. This authority includes the time when his initial value is challenged by a complaint before the board of revision. When a property's value is challenged, it is reasonable for the auditor to review it and assert a correct value.

Accordingly, we reject these arguments. Appellant would place the taxing authorities in the untenable position of limiting the auditor to defending his initial value and preventing the board of revision from asserting any value. A taxpayer would not have opposition unless a party named in R.C. 5717.01, such as a school board, appealed.

Appellant next argues that since the BTA rejected appellees' sole evidence of value, the sale price, it was unreasonable and unlawful for the BTA to determine any value other than what appellant's evidence showed.

The BTA need not adopt any expert's valuation. It has wide discretion to determine the weight given to evidence and the credibility of witnesses before it. Its true value decision is a question of fact which will be disturbed by this court only when it affirmatively appears from the record that such decision is unreasonable or unlawful. *Cardinal Federal S. & L. Assn.* v. *Cuyahoga Cty. Bd. of Revision* (1975), 44 Ohio St. 2d 13, 73 O.O. 2d 83, 336 N.E. 2d 433, paragraphs two, three, and four of the syllabus. This court is not a " 'super' Board of Tax Appeals." *Youngstown Sheet & Tube Co.* v. *Mahoning Cty. Bd. of Revision* (1981), 66 Ohio St. 2d 398, 400, 20 O.O. 3d 349, 351, 422 N.E. 2d 846, 848. We will not overrule BTA findings of fact that are based upon sufficient probative evidence. *Hawthorn Mellody, Inc.* v. *Lindley* (1981), 65 Ohio St. 2d 47, 19 O.O. 3d 234, 417 N.E. 2d 1257, syllabus.

The BTA had before it appellant's evidence and the property's sale price. The BTA, as noted earlier, did not totally reject the January 28 sale price; it found that such price was a good indication of the property's true value.

There was testimony that Fabri-Centers, which was related to appellant, was pressured to purchase the property. Similar pressures existed in *Cardinal Federal S. & L. Assn.* v. *Cuyahoga Cty. Bd. of Revision, supra.* In that case, we affirmed the BTA's decision that adopted values consonant with sale prices, even though it was alleged that "necessitous circumstances" caused artificially high prices for the last-acquired parcels in the block. The taxpayer in that case had purchased all the parcels in the block, and the last sellers, evidently, sought and obtained higher prices. The taxpayer admitted that the sales were voluntarily negotiated between a willing seller and a willing buyer.

In the instant case, the BTA was equally justified in discounting appellant's expert's testimony of a lower value. The testimony and evidence in the record support the BTA's finding that the January 28 sale was an arm's-length transaction. Its further finding of values that were closer to the sale price than the lower value presented by appellant's expert was reasonable and lawful.

Appellant also argues that the BTA ignored the favorable financing of the sale, contrary to *Ratner* v. *Stark Cty. Bd. of Revision* (1986), 23 Ohio St. 3d 59, 23 OBR 129, 491 N.E. 2d 680, and (1988), 35 Ohio St. 3d 26, 517 N.E. 2d 915.

Appellant had the duty to prove its right to a reduction in value. *Western Industries, Inc.* v. *Hamilton Cty. Bd. of Revision* (1960), 170 Ohio St. 340, 342, 10 O.O. 2d 427, 164 N.E. 2d 741, 743; *Rollman & Sons Co.* v. *Bd. of Revision of Hamilton Cty.* (1955), 163 Ohio St. 363, 56 O.O. 337, 127 N.E. 2d 1, paragraph one of the syllabus; *Hibschman* v. *Bd. of Tax Appeals* (1943), 142 Ohio St. 47, 48, 26 O.O. 239, 240, 49 N.E. 2d 949, 950.

Appellant's appraiser presented no testimony adjusting the purchase price for favorable financing. There was no other expert evidence of favorable financing or its effect on the sale price.[2] Appellant's expert's testimony indicated only that the true value was less than the sale price; it failed to establish the price paid for the real estate and the price paid for the favorable financing.

Finally, appellant argues that, because the BTA's decision is not supported by sufficient evidence, the property is not valued uniformly under Section 2, Article XII of the Ohio Constitution. Since we find that there is sufficient probative evidence to support the BTA's decision, we disagree with appellant's premise and hold that the property is valued uniformly.

Accordingly, the BTA's decision is affirmed.

*Decision affirmed.*

MOYER, C.J., SWEENEY, HOLMES and WRIGHT, JJ., concur.

SWEENEY, LOCHER, DOUGLAS and H. BROWN, JJ., concur separately.

LOCHER, DOUGLAS and H. BROWN, JJ., concur in judgment only.

DOUGLAS, J., concurring. The majority opinion says, in part, that "[t]he BTA need not adopt any expert's valuation. It has wide discretion to determine the weight given to evidence and the credibility of witnesses before it. Its true value decision is a question of fact which will be disturbed by this court only when it affirmatively appears from the record that such decision is unreasonable or unlawful. *Cardinal Federal S. & L. Assn.* v. *Cuyahoga Cty. Bd. of Revision* (1975), 44 Ohio St. 2d 13, 73 O.O. 2d 83, 336 N.E. 2d 433, paragraphs two, three, and four of the syllabus. This court is not a ' "super" Board of Tax Appeals.' *Youngstown Sheet & Tube Co.* v. *Mahoning Cty. Bd. of Revision* (1981), 66 Ohio St. 2d 398, 400, 20 O.O. 3d 349, 351, 422 N.E. 2d 846, 848. We will not overrule BTA findings of fact that are based upon sufficient probative evidence. *Hawthorn Mellody, Inc.* v. *Lindley* (1981), 65 Ohio St. 2d 47, 19 O.O. 3d 234, 417 N.E. 2d 1257, syllabus."

---

[2] Appellant's attorney did provide a cash equivalency analysis of this sale to the board of revision. The BTA need not rely upon this non-expert analysis.

I can only hope that a majority of this court now means to follow this course. In a number of recent decisions, this court, in my judgment, has emasculated the taxing statutes, as promulgated by the General Assembly, so as to make those statutes almost unrecognizable. Boards of revision, county auditors, the Tax Commissioner, litigants, and especially the BTA are faced with mass confusion as a result of a series of decisions that have radically changed the law as it has been followed and interpreted for so many years. It has become increasingly difficult, if not impossible, for such persons and entities to know how they are supposed to determine such things as "true value" of real property, sales and use tax assessments and "manufacturing" or "processing" exemptions.

As just one example, compare our holding in this case with our decisions in *Ratner* v. *Stark Cty. Bd. of Revision* (1986), 23 Ohio St. 3d 59, 23 OBR 192, 491 N.E. 2d 680; *Ratner* v. *Stark Cty. Bd. of Revision* (1988), 35 Ohio St. 3d 26, 517 N.E. 2d 915; and *Alliance Towers, Ltd.* v. *Stark Cty. Bd. of Revision* (1988), 37 Ohio St. 3d 16, 523 N.E. 2d 826. While it can be argued that the properties involved are different, the same basic law is involved. It is no wonder the BTA, as it has done in the case now before us, has fashioned its own system of arriving at "true value."

R.C. 5713.03 provides in part:

"* * * In determining the true value of any tract, lot, or parcel of real estate under this section, if such tract, lot, or parcel has been the subject of an arm's length sale between a willing seller and a willing buyer within a reasonable length of time, either before or after the tax lien date, *the auditor shall consider the sale price of such tract, lot, or parcel to be the true value for taxation purposes. * * *"* (Emphasis added.)

This provision of the Revised Code, as given to us by the General Assembly, is clear and unambiguous. Yet we have manipulated the section to the place where, seemingly, it means nothing except when we choose to apply it as written.

The case before us is a good example. The record indicates that "within a reasonable length of time, either before or after the tax lien date," there was a sale of the property which involved an arm's-length transaction between a willing seller under no compulsion to sell and a willing buyer under no compulsion to buy. However, for the most part the sale as an indication of true value was ignored until the BTA, obviously, used the sale price as a true value indicator, and adjusted the price some, undoubtedly, to try to comply with previous decisions of this court.

The result? Even though there is nothing in the record to show what evidence the BTA used in varying from the mandates of R.C. 5713.03, there is an indication that the price paid included favorable financing and other purchase terms and that these items were considered.

Given our posture in so many of these tax cases, the BTA, the Tax Commissioner and county auditors will have to continue to guess what we might want to hear, be guided accordingly and hope for the best. This does not promote stability or confidence in our taxing system which, after all, is the life blood for the operation of government.

Sweeney, Locher and H. Brown, JJ., concur in the foregoing concurring opinion.