FURBAY, APPELLEE, *v.* TUSCARAWAS COUNTY
BD. OF REVISION ET AL., APPELLANTS.

[Cite as *Furbay v. Tuscarawas Cty. Bd.
of Revision* (1991), 61 Ohio St.3d 64.]

(No. 90–1366—Submitted May 2, 1991—Decided July 3, 1991.)

---

*Veda Furbay, pro se.*

*Teaford, Rich, Belskis, Coffman & Wheeler* and *Jeffrey A. Rich*, for appellant.

---

*Per Curiam.* For the reasons set forth in *Renner v. Tuscarawas Cty. Bd. of Revision* (1991), 59 Ohio St.3d 142, 572 N.E.2d 56, we reverse the BTA's decision.

Furbay did not sustain her burden of proving what part of the subject property "was converted to mining and what part continues to qualify for CAUV." *Renner, supra*, at 145, 572 N.E.2d at 58. The board does not have a duty to investigate a property owner's complaint and "[a] taxpayer, moreover, has the duty to prove his right to a reduction in value. *RRZ Associates v. Cuyahoga Cty. Bd. of Revision* (1988), 38 Ohio St.3d 198, 527 N.E.2d 874." *Id.*

As in *Renner*, the property owner "did not provide the exact boundaries of the property that qualify for current agricultural use valuation. Since this

value depends so intimately on the exact land under review, * * * [Furbay] did not establish * * * [her] right to reduction and, consequently, may not receive a reduction from the assessed recoupment charge." *Id.* Accordingly, we reverse the BTA's decision.

*Decision reversed.*

MOYER, C.J., SWEENEY, HOLMES, DOUGLAS, WRIGHT, H. BROWN and RESNICK, JJ., concur.