COLLINS, Appellant,

v.

WOOD COUNTY BOARD OF REVISION, Appellee, et al.

[Cite as *Collins v. Wood Cty. Bd. of Revision* (1994), 93 Ohio App.3d 216.]

Court of Appeals of Ohio,
Wood County.

No. 93WD057.

Decided Feb. 18, 1994.

---

*Thomas E. Teet,* for appellant.

*Alan R. Mayberry,* Wood County Prosecuting Attorney, and *Linda F. Holmes,* Assistant Prosecuting Attorney, for appellee.

*Per Curiam.*

This case is before the court on appeal from a decision of the Ohio Board of Tax Appeals ("BTA") in which the BTA determined the true and taxable values of real property owned by plaintiff-appellant, Pauline J. Collins, and in doing so modified the values set by defendant-appellee, the Wood County Board of Revision ("BOR"). Because we find that the decision of the BTA was unreasonable, we reverse the decision of the BTA and reinstate the decision of the BOR.

On January 22, 1990, Collins purchased real property which included a house at 235 West 7th Street in Perrysburg, Wood County, Ohio, for $79,600. Collins is on dialysis and needed a one-story house near available transportation. She testified that at the time of the purchase, she knew she was paying too much for the property, but it was one block away from a friend who provided her with transportation and it suited her needs. Subsequently, the Wood County Auditor determined the true value of that property for the 1991 tax year to be $60,900. On March 27, 1992, Collins filed a complaint on the assessment with the BOR. Collins asserted that the true value of the property was actually $45,781 in that the fair market value was affected by the house's radon gas level and by the fact that the lot size did not meet the present Perrysburg building code requirement. After a hearing on the matter, the BOR affirmed the auditor's valuations of the property. Collins then filed a notice of appeal with the BTA. The BTA heard the matter on March 26, 1993, where Collins appeared and presented evidence in support of her contention that the true value of the property was $45,781. No representative of the BOR appeared at this hearing. On April 30, 1993, the BTA released its decision in which it determined the true value of Collins' property to be $79,600. In particular, the BTA held that the true value of the property was the amount for which it was sold in an actual, recent, arm's-length transaction, and that Collins had failed to satisfy her burden of proof that the property was worth only $45,781. From that decision, Collins now appeals to this court pursuant to R.C. 5717.04, raising the following assignments of error:

"1. The Decision and Order of the Ohio Board of Tax Appeals is unreasonable in this matter in that the Board failed to value the subject property in accordance with Plaintiff/Appellant's submitted documents relating to comparable valuations of properties in the immediate vicinity of the subject property.

"2. The Decision and Order of the Ohio Board of Tax Appeals is unreasonable in this matter in that in determining the true value of the subject property, the Ohio Board of Tax Appeals neglected to consider Plaintiff/Appellant's testimony and evidence that she overpaid to acquire the subject property as she was under compulsion to buy the subject premises due to her disability.

"3. The Decision and Order of the Ohio Board of Tax Appeals is unreasonable in this matter in that the preponderance of the evidence presented at hearing supports fully the valuations of the subject property as submitted [by] Plaintiff/Appellant Pauline J. Collins. Defendant/Appellee, Wood County Board of Revision failed to appear and failed to submit testimony or evidence to rebut the evidence offered by Plaintiff/Appellant Pauline J. Collins."

Because these assignments of error are interrelated, each asserting that the BTA's valuation of Collins' property was unreasonable, we will address them together.

In reviewing a decision of the Board of Tax Appeals, we must be mindful that the BTA's "true value decision is a question of fact which will be disturbed by this court only when it affirmatively appears from the record that such decision is unreasonable or unlawful." *R.R.Z. Assoc. v. Cuyahoga Cty. Bd. of Revision* (1988), 38 Ohio St.3d 198, 201, 527 N.E.2d 874, 877. Additionally, however, the BOR's assessment of true and taxable values of real property is presumptively correct, and the burden is on the taxpayer to prove her right to a reduction in value. *Id.;* see, also, *Mentor Exempted Village Bd. of Edn. v. Lake Cty. Bd. of Revision* (1988), 37 Ohio St.3d 318, 526 N.E.2d 64. Moreover, where "[t]he taxpayer [has] offered no testimony or evidence that the action of the board of revision was not performed in good faith and in the exercise of sound judgment * * * the action of the board of revision must be presumed to be valid." *Alliance Towers, Ltd. v. Stark Cty. Bd. of Revision* (1988), 37 Ohio St.3d 16, 25, 523 N.E.2d 826, 834.

R.C. 5713.03 provides that the county auditor shall determine the true value of each parcel of real property and of buildings located thereon, and states in relevant part:

"In determining the true value of any tract, lot, or parcel of real estate under this section, if such tract, lot, or parcel has been the subject of an arm's length sale between a willing seller and a willing buyer within a reasonable length of time, either before or after the tax lien date, the auditor shall consider the sale price of such tract, lot, or parcel to be the true value for taxation purposes."

The Supreme Court of Ohio, however, has refused to adopt an absolutist interpretation of this statute and has instead approved the consideration of other factors which affect the use of the sale price as evidence of a property's true value when the circumstances so warrant. *Ratner v. Stark Cty. Bd. of Revision* (1986), 23 Ohio St.3d 59, 61, 23 OBR 192, 193–194, 491 N.E.2d 680, 681–682. Accordingly, "[a]lthough the sale price is the 'best evidence' of true value of real property for tax purposes, it is not the only evidence." *Id.* at the syllabus.

■ Nothing in the record indicates how the county auditor originally established the true value of the property to be $60,900. The BOR, however, had before it evidence of the sale price as well as evidence of radon gas problems with the property and the fact that the lot size was not up to code. Clearly, the BOR determined that the recent sale price was not an accurate indication of the true value of the property in this instance. In particular, the only evidence before the BOR, and subsequently before the BTA, was that the radon gas would make the property difficult to sell in the future, and that, due to the lot size, if the house were to be destroyed by fire, nothing could be rebuilt on that lot and the property's value would be substantially diminished. Surely these factors affect the present true value of a property.

■ In reviewing this case, the BTA, while paying lip service to the radon problem, considered only the recent sale price in determining the true value of the property. While R.C. 5717.03 allows the BTA to make an independent determination of the true and taxable values of a property, in our view this must be considered in light of the presumption of validity attendant to the BOR's assessment. When it undertook to independently assess the true and taxable values of Collins' property, the BTA failed to consider the effect that the radon gas problem and the lot size had on the these values, and as a result reached an unreasonable assessment of the property. The second assignment of error is therefore well taken.

■ The first and third assignments of error are, however, not well taken. Collins' own assessment of the true value of her property was based on a system she devised of determining the true values of similar properties in her neighborhood and comparing those properties to her property. "A review of independent appraisals based upon factors other than the sale price is appropriate where it is shown that the sale price does not reflect true value." *Ratner, supra,* at syllabus. Collins' assessment, however, was not an independent appraisal. As such, the BTA did not err in failing to consider Collins' own valuation of her property.

On consideration whereof, the court finds that substantial justice has not been done the party complaining, and the decision of the Board of Tax Appeals is reversed. Pursuant to App.R. 12(B), we hereby reinstate the decision of the BOR assessing the true value of the subject property at $60,900. Costs of this appeal to appellee.

*Judgment reversed.*

ABOOD, P.J., GLASSER and SHERCK, JJ., concur.