OPINIONS OF THE SUPREME COURT OF OHIO

The full texts of the opinions of the Supreme Court of Ohio are being transmitted electronically beginning May 27, 1992, pursuant to a pilot project implemented by Chief Justice Thomas J. Moyer.

Please call any errors to the attention of the Reporter's Office of the Supreme Court of Ohio. Attention: Walter S. Kobalka, Reporter, or Deborah J. Barrett, Administrative Assistant. Tel.: (614) 466-4961; in Ohio 1-800-826-9010. Your comments on this pilot project are also welcome.

NOTE: Corrections may be made by the Supreme Court to the full texts of the opinions after they have been released electronically to the public. The reader is therefore advised to check the bound volumes of Ohio St.3d published by West Publishing Company for the final versions of these opinions. The advance sheets to Ohio St.3d will also contain the volume and page numbers where the opinions will be found in the bound volumes of the Ohio Official Reports.

Springfield Local Board of Education, Appellant, v. Summit County Board of Revision; Goodyear Tire & Rubber Company, Appellee.
[Cite as Springfield Local Bd. of Edn. v. Summit Cty. Bd. of Revision (1994),      Ohio St.3d      .]
Taxation -- Real property valuation -- In absence of a current sale of property, true value in money may be determined by appraisal, utilizing the market approach, the income approach or the cost approach -- Board of Tax Appeals vested with wide discretion to determine the weight to be given evidence and to the competence and credibility of witnesses.
(No. 92-1511 -- Submitted June 10, 1993 -- Decided March 23, 1994.)

Appeal from the Board of Tax Appeals, No. 86-D-305.

At issue in this appeal is the true value of the Summit County, Ohio industrial plant formerly owned by appellee, Goodyear Tire & Rubber Company ("Goodyear"), and its subsidiary, Goodyear Aerospace Corporation ("GAC"). The subject property, consisting of multiple manufacturing buildings and supplemental improvements, is located on 101.89 acres in the Springfield Local School District and is a portion of a 185.86-acre facility adjacent to the Akron Fulton Airport.

For tax year 1984, the county auditor determined that the true value of the subject property was $17,234,200. On appeal, that value was ratified by the board of revision, and appellant, Springfield Local Board of Education ("Springfield"), asserting a higher true value, appealed to the Board of Tax Appeals ("BTA").

The evidence presented at the BTA hearing included the deposition of a vice president of Loral Systems Group ("Loral"), and the testimony of Howard W. Myers, Goodyear's appraiser, and of James B. Cleminshaw, Springfield's appraiser. The evidence disclosed that on January 12, 1987, Goodyear and GAC sold Loral the assets, goodwill and worldwide plant facilities of GAC, including the subject property, together with the assumption of certain liabilities by Loral, for $588,000,000. The sales agreement provided that the

parties would agree upon an allocation of the sale price. However, there was no evidence that any such allocation was made. In addition, Myers estimated the true value of the subject property to be $17,500,000; and Cleminshaw estimated the true value to be $43,481,630.

The BTA, agreeing with the board of revision, determined the true value of the subject property to be $17,234,200.

The cause is before the court upon an appeal as of right.

Young & McDowall and Dean A. Young, for appellant.
Buckingham, Doolittle & Burroughs Co., L.P.A., Duane Morris and Robyn L. Crane, for appellee.

Per Curiam. The BTA analyzed the evidence before it and found the January 12, 1987 sale price of the Goodyear plant facilities was not the best indication of the value of the subject property for tax year 1984. The BTA stated that in the absence of a current sale of property, true value in money may be determined by appraisal, utilizing the market approach to value, the income approach or the cost approach. We agree with this analysis.

The BTA noted the record included the auditor's appraisal report presented at the board of revision hearing, and while no testimony was submitted to the BTA in support of that appraisal, the BTA found "[i]t does represent, however, a basis for the finding of value by the board of revision; and the board's finding of value is entitled to a presumption of validity. R.R.Z. Assoc. v. Bd. of Revision (1988), 38 Ohio St.3d 198, 202 [527 N.E.2d 874, 878]; Mentor Exempted Village Bd. of Edn. v. Lake County Bd. of Revision (1988), 37 Ohio St.3d 318, 319 [526 N.E.2d 64, 65]."

We find it necessary to comment upon the BTA's mischaracterization of those cases. The BTA asserts that R.R.Z., supra, and Mentor, supra, stand for the proposition that "the board [of revision]'s finding of value is entitled to a presumption of validity."

In R.R.Z., the tax lien date was January 1, 1982 and the property was sold January 28, 1981. The sale may have been remote from tax lien date. However, we approved the BTA's finding that the sale was an arm's-length transaction and the sale price "was a good indication of the property's true value" (id. at 201, 527 N.E.2d at 877). The BTA adjusted the sale price to reflect the price paid for the property and the price paid for favorable financing and other purchase terms. No mention was made in R.R.Z. regarding a presumption of validity.

In Mentor, also, we did not refer to any presumption of validity. We stated:

"* * * Once the school board had presented evidence that the property's value was different from that determined by the board of revision, [the landowners/taxpayers], who were the appellees before the BTA, should have rebutted the school board's evidence. The taxpayers had the obligation to prove their right to a reduction in value. Western Industries v. Hamilton Cty. Bd. of Revision (1960), 170 Ohio St. 340, 342, 10 O.O.2d. 427, 164 N.E.2d. 741, 743 * * *." Mentor, 37 Ohio St.3d at 319, 526 N.E.2d.at 65. In Mentor, we resolved issues of the burden of proof and the

burden of going forward with the evidence, when we required the landowners to present evidence to rebut the school board's evidence as to value.

Thus, neither of the foregoing decisions supports the BTA's reliance upon a presumption of validity.

In addition, the BTA observed correctly, but inappropriately to the instant case, that Alliance Towers, Ltd. v. Stark Cty. Bd. of Revision (1988), 37 Ohio St.3d 16, 25, 523 N.E.2d 826, 839, dealt with the requirement that a board of revision "perform its duty in good faith and in the exercise of sound judgment." The "duty" there was to obtain the report and the testimony of an appraisal witness for presentation to the board of revision. The taxpayer argued that the board's performance of this activity somehow denied it due process.

The good faith and sound judgment questions in that case involved an administrative action, not a quasi-judicial valuation decision of the board of revision.

Nevertheless, the BTA here did review and analyze the other appraisal evidence presented to it. The BTA found the depreciation percentage used by Cleminshaw was unrealistically low. In addition, the BTA found that his "[assignment] of depreciation to the various buildings does not comport well with the totality of the evidence adduced." Therefore, the BTA rejected his opinion of value, citing Cardinal Fed. S. & L. Assn. v. Cuyahoga Cty. Bd. of Revision (1975), 44 Ohio St.2d 13, 73 O.O.2d 83, 336 N.E.2d 433.

In contrast, the BTA found that Myers was a competent expert witness and approved his use of the market approach to value. It found that Myers' appraisal and testimony "constitute sufficient probative evidence of value," which "more closely reflects the legal mandate that the true value in money of property is that amount it would sell for in an arm's-length transaction."

The BTA also observed correctly that it was vested with wide discretion to determine the weight to be given to the evidence and to the competence and credibility of witnesses. The BTA then found that the value of the subject property as of January 1, 1984 was $17,234,200.

Appellant contends further "[it] was denied due process of law and a meaningful right to be heard, in that the Board received and considered evidence relating to the sale of the subject property * * * ."

In Avon Lake City School Dist. v. Limbach (1988), 35 Ohio St. 3d 118, 120, 518 N.E. 2d 1190, 1192, we addressed a similar contention: "* * * if the final determination of the commissioner is not appealable by a school district, then such statutory scheme denies a school district its right to due course of law provided by Section 16, Article I of the Ohio Constitution and procedural due process protected by the Fourteenth Amendment to the United States Constitution." We rejected this contention in Avon Lake at 122, 518 N.E. 2d at 1193:

"We are persuaded that a school district is a political subdivision created by the General Assembly and it may not assert any constitutional protections regarding due course of law or due process of law against the state, its creator."

By reason of the foregoing, the decision of the BTA is

neither unreasonable nor unlawful and it is affirmed.

Decision affirmed.

Moyer, C.J., A.W. Sweeney, Douglas, Wright,  Resnick, F.E. Sweeney and Pfeifer, JJ., concur.