OPINIONS OF THE SUPREME COURT OF OHIO
     The full texts of the opinions of the Supreme Court of
Ohio are being transmitted electronically beginning May 27,
1992, pursuant to a pilot project implemented by Chief Justice
Thomas J. Moyer.
     Please call any errors to the attention of the Reporter's
Office of the Supreme Court of Ohio.  Attention:  Walter S.
Kobalka, Reporter, or Deborah J. Barrett, Administrative
Assistant.  Tel.:  (614) 466-4961; in Ohio 1-800-826-9010.
Your comments on this pilot project are also welcome.
     NOTE:  Corrections may be made by the Supreme Court to the
full texts of the opinions after they have been released
electronically to the public.  The reader is therefore advised
to check the bound volumes of Ohio St.3d published by West
Publishing Company for the final versions of these opinions.
The advance sheets to Ohio St.3d will also contain the volume
and page numbers where the opinions will be found in the bound
volumes of the Ohio Official Reports.

Kirtland Country Club, Appellant, v. Lake County Board of
Revision et al., Appellees.
[Cite as Kirtland Country Club v. Lake Cty. Bd. of  Revision
(1994),      Ohio St.3d    .]
Taxation -- Real property valuation -- Board of Tax Appeals'
     decision not disturbed by court when supported by
     sufficient probative evidence.
     (No. 92-1631 -- Submitted June 10, 1993 --  Decided March
23, 1994.)
     Appeal from the Board of Tax Appeals, Nos. 89-F-970 and
90-D-1109.
     Kirtland Country Club is a private country club located
mostly in Willoughby, Ohio.  Its facilities under dispute
constituted sixty-four acres in tax year 1988 and two hundred
seventy-five acres in tax year 1989.
     Kirtland's main clubhouse, built originally as a private
residence, was converted to its present use in the 1920s and
was renovated substantially following a fire in 1976.  In
addition to the clubhouse, Kirtland has an eighteen-hole golf
course and a practice course, three single-family residences
used by employees of Kirtland, a women's locker room, a men's
locker room and grill room, a pro shop, two bathhouses with
adjoining swimming and wading pools, an indoor tennis court
building and lighted paddleball courts.
     For tax year 1988 the Lake County Auditor assessed the
true value of the property at $3,638,800.  For 1989, the
auditor set the true value of the property at $5,859,940.  On
appeal, the Lake County Board of Revision determined that the
true value for 1988 was $3,579,700, but affirmed the true value
for 1989, $5,859,940.
     Kirtland, contending that the true value of its property
should be reduced to $1,900,000 for 1988 and $4,275,000 for
1989, appealed to the Board of Tax Appeals ("BTA").  The BTA
determined that the true value was $3,500,000 for 1988 and
$5,900,000 for 1989.
     The cause is now before this court upon an appeal as of
right.

Arter & Hadden, Jacob I. Rosenbaum, Karen H. Bauernschmidt and Lisa A. Reid, for appellant.

Steven C. LaTourette, Lake County Prosecuting Attorney, and Michael P. Brown, Assistant Prosecuting Attorney, for appellees.

Per Curiam. Although Kirtland, in briefs and oral argument, discussed a constitutional question and an appraisal issue involving "value in use" as opposed to "value in exchange," these contentions were not included in Kirtland's notice of appeal, are not properly before this court, and will not be discussed. Deerhake v. Limbach (1989), 47 Ohio St.3d 44, 546 N.E.2d 1327.

Appraisers for each of the parties testified before the BTA as to the true value of the subject property. They agreed that the income approach to value was not a proper valuation method because Kirtland was a nonprofit corporation. Kirtland's appraiser used both the market data and the cost approaches; the school board's appraiser relied solely on the cost approach. The BTA agreed with the school board's conclusion that there were no comparable sales available and that the market approach was not valid, and it found the school board's appraiser's cost approach was proper.

The syllabus of Cuyahoga Cty. Bd. of Revision v. Fodor (1968), 15 Ohio St. 2d 52, 44 O.O. 2d 30, 293 N.E. 2d 25, states:

"The fair market value of property for tax purposes is a question of fact, the determination of which is primarily within the province of the taxing authorities, and this court will not disturb a decision of the Board of Tax Appeals with respect to such valuation unless it affirmatively appears from the record that such decision is unreasonable or unlawful."

Here the BTA accepted the school board's appraiser's use of the cost approach to value and his appraised estimate of value.

In R.R.Z. Assoc. v. Cuyahoga Cty. Bd. of Revision (1988), 38 Ohio St.3d 198, 201, 527 N.E.2d 874, 877, we stated:

"The BTA need not adopt any expert's valuation. It has wide discretion to determine the weight given to evidence and the credibility of witnesses before it. Its true value decision is a question of fact which will be disturbed by this court only when it affirmatively appears from the record that such decision is unreasonable or unlawful."

Kirtland was obligated to prove its entitlement to a reduction in true value, but failed to do so. Id. at 202, 527 N.E. 2d at 878.

The BTA's decision to use the cost approach to value and the school board's appraiser's estimate of value, and the BTA's finding that the true value of the subject property was $3,500,000 for 1988 and $5,900,000 for 1989, are neither (1) unreasonable in rejecting Kirtland's market value analysis and relying on the cost approach to value, nor (2) unlawful as an improper analysis of value in violation of Ohio law or accepted principles of tax appraisal. The BTA's decision is supported by sufficient probative evidence and it is affirmed.

Decision affirmed.

Moyer, C.J., A.W. Sweeney, Douglas, Wright, Resnick, F.E.

Sweeney and Pfeifer, JJ., concur.