KIRTLAND COUNTRY CLUB, APPELLANT, v. LAKE COUNTY
BOARD OF REVISION ET AL., APPELLEES.

[Cite as *Kirtland Country Club v. Lake Cty. Bd.
of Revision* (1994), 68 Ohio St.3d 476.]

(No. 92–1631—Submitted June 10, 1993—Decided March 23, 1994.)

*Arter & Hadden, Jacob I. Rosenbaum, Karen H. Bauernschmidt* and *Lisa A. Reid,* for appellant.

*Steven C. LaTourette,* Lake County Prosecuting Attorney, and *Michael P. Brown,* Assistant Prosecuting Attorney, for appellees.

*Per Curiam.* Although Kirtland, in briefs and oral argument, discussed a constitutional question and an appraisal issue involving "value in use" as opposed

to "value in exchange," these contentions were not included in Kirtland's notice of appeal, are not properly before this court, and will not be discussed. *Deerhake v. Limbach* (1989), 47 Ohio St.3d 44, 546 N.E.2d 1327.

Appraisers for each of the parties testified before the BTA as to the true value of the subject property. They agreed that the income approach to value was not a proper valuation method because Kirtland was a nonprofit corporation. Kirtland's appraiser used both the market data and the cost approaches; the school board's appraiser relied solely on the cost approach. The BTA agreed with the school board's conclusion that there were no comparable sales available and that the market approach was not valid, and it found the school board's appraiser's cost approach was proper.

The syllabus of *Cuyahoga Cty. Bd. of Revision v. Fodor* (1968), 15 Ohio St.2d 52, 44 O.O.2d 30, 239 N.E.2d 25, states:

"The fair market value of property for tax purposes is a question of fact, the determination of which is primarily within the province of the taxing authorities, and this court will not disturb a decision of the Board of Tax Appeals with respect to such valuation unless it affirmatively appears from the record that such decision is unreasonable or unlawful."

Here the BTA accepted the school board's appraiser's use of the cost approach to value and his appraised estimate of value.

In *R.R.Z. Assoc. v. Cuyahoga Cty. Bd. of Revision* (1988), 38 Ohio St.3d 198, 201, 527 N.E.2d 874, 877, we stated:

"The BTA need not adopt any expert's valuation. It has wide discretion to determine the weight given to evidence and the credibility of witnesses before it. Its true value decision is a question of fact which will be disturbed by this court only when it affirmatively appears from the record that such decision is unreasonable or unlawful."

Kirtland was obligated to prove its entitlement to a reduction in true value, but failed to do so. *Id.* at 202, 527 N.E.2d at 878.

The BTA's decision to use the cost approach to value and the school board's appraiser's estimate of value, and the BTA's finding that the true value of the subject property was $3,500,000 for 1988 and $5,900,000 for 1989, are neither (1) unreasonable in rejecting Kirtland's market value analysis and relying on the cost approach to value, nor (2) unlawful as an improper analysis of value in violation of Ohio law or accepted principles of tax appraisal. The BTA's decision is supported by sufficient probative evidence and it is affirmed.

*Decision affirmed.*

MOYER, C.J., A.W. SWEENEY, DOUGLAS, WRIGHT, RESNICK, F.E. SWEENEY and PFEIFER, JJ., concur.