SPRINGFIELD LOCAL BOARD OF EDUCATION, APPELLANT, *v.* SUMMIT COUNTY BOARD OF REVISION; GOODYEAR TIRE & RUBBER COMPANY, APPELLEE.

[Cite as *Springfield Local Bd. of Edn. v. Summit Cty. Bd. of Revision* (1994), 68 Ohio St.3d 493.]

(No. 92–1511—Submitted June 10, 1993—Decided March 23, 1994.)

494

*Young & McDowall* and *Dean A. Young,* for appellant.

*Buckingham, Doolittle & Burroughs Co., L.P.A., Duane Morris* and *Robyn L. Crane,* for appellee.

*Per Curiam.* The BTA analyzed the evidence before it and found the January 12, 1987 sale price of the Goodyear plant facilities was not the best indication of the value of the subject property for tax year 1984. The BTA stated that in the absence of a current sale of property, true value in money may be determined by appraisal, utilizing the market approach to value, the income approach or the cost approach. We agree with this analysis.

The BTA noted the record included the auditor's appraisal report presented at the board of revision hearing, and while no testimony was submitted to the BTA in support of that appraisal, the BTA found "[i]t does represent, however, a basis for the finding of value by the board of revision; and the board's finding of value is entitled to a presumption of validity. *R.R.Z. Assoc. v. Bd. of Revision* (1988), 38 Ohio St.3d 198, 202 [527 N.E.2d 874, 878]; *Mentor Exempted Village Bd. of Edn. v. Lake County Bd. of Revision* (1988), 37 Ohio St.3d 318, 319 [526 N.E.2d 64, 65]."

We find it necessary to comment upon the BTA's mischaracterization of those cases. The BTA asserts that *R.R.Z., supra,* and *Mentor, supra,* stand for the proposition that "the board [of revision]'s finding of value is entitled to a presumption of validity."

In *R.R.Z.,* the tax lien date was January 1, 1982 and the property was sold January 28, 1981. The sale may have been remote from tax lien date. However,

we approved the BTA's finding that the sale was an arm's-length transaction and the sale price "was a good indication of the property's true value" (*id.* at 201, 527 N.E.2d at 877). The BTA adjusted the sale price to reflect the price paid for the property and the price paid for favorable financing and other purchase terms. No mention was made in *R.R.Z.* regarding a presumption of validity.

In *Mentor*, also, we did not refer to any presumption of validity. We stated:

" * * * Once the school board had presented evidence that the property's value was different from that determined by the board of revision, [the landowners/taxpayers], who were the appellees before the BTA, should have rebutted the school board's evidence. The taxpayers had the obligation to prove their right to a reduction in value. *Western Industries v. Hamilton Cty. Bd. of Revision* (1960), 170 Ohio St. 340, 342, 10 O.O.2d 427, 164 N.E.2d 741, 743 * * *." *Mentor*, 37 Ohio St.3d at 319, 526 N.E.2d at 65. In *Mentor*, we resolved issues of the burden of proof and the burden of going forward with the evidence, when we required the landowners to present evidence to rebut the school board's evidence as to value.

Thus, neither of the foregoing decisions supports the BTA's reliance upon a presumption of validity.

In addition, the BTA observed correctly, but inappropriately to the instant case, that *Alliance Towers, Ltd. v. Stark Cty. Bd. of Revision* (1988), 37 Ohio St.3d 16, 25, 523 N.E.2d 826, 839, dealt with the requirement that a board of revision "perform its duty in good faith and in the exercise of sound judgment." The "duty" there was to obtain the report and the testimony of an appraisal witness for presentation to the board of revision. The taxpayer argued that the board's performance of this activity somehow denied it due process.

The good faith and sound judgment questions in that case involved an administrative action, not a quasi-judicial valuation decision of the board of revision.

Nevertheless, the BTA here did review and analyze the other appraisal evidence presented to it. The BTA found the depreciation percentage used by Cleminshaw was unrealistically low. In addition, the BTA found that his "[assignment] of depreciation to the various buildings does not comport well with the totality of the evidence adduced." Therefore, the BTA rejected his opinion of value, citing *Cardinal Fed. S. & L. Assn. v. Cuyahoga Cty. Bd. of Revision* (1975), 44 Ohio St.2d 13, 73 O.O.2d 83, 336 N.E.2d 433.

In contrast, the BTA found that Myers was a competent expert witness and approved his use of the market approach to value. It found that Myers' appraisal and testimony "constitute sufficient probative evidence of value," which "more

closely reflects the legal mandate that the true value in money of property is that amount it would sell for in an arm's-length transaction."

The BTA also observed correctly that it was vested with wide discretion to determine the weight to be given to the evidence and to the competence and credibility of witnesses. The BTA then found that the value of the subject property as of January 1, 1984 was $17,234,200.

Appellant contends further "[it] was denied due process of law and a meaningful right to be heard, in that the Board received and considered evidence relating to the sale of the subject property * * *."

In *Avon Lake City School Dist. v. Limbach* (1988), 35 Ohio St.3d 118, 120, 518 N.E.2d 1190, 1192, we addressed a similar contention: " * * * if the final determination of the commissioner is not appealable by a school district, then such statutory scheme denies a school district its right to due course of law provided by Section 16, Article I of the Ohio Constitution and procedural due process protected by the Fourteenth Amendment to the United States Constitution." We rejected this contention in *Avon Lake* at 122, 518 N.E.2d at 1193:

"We are persuaded that a school district is a political subdivision created by the General Assembly and it may not assert any constitutional protections regarding due course of law or due process of law against the state, its creator."

By reason of the foregoing, the decision of the BTA is neither unreasonable nor unlawful and it is affirmed.

*Decision affirmed.*

MOYER, C.J., A.W. SWEENEY, DOUGLAS, WRIGHT, RESNICK, F.E. SWEENEY and PFEIFER, JJ., concur.