OPINIONS OF THE SUPREME COURT OF OHIO
     The full texts of the opinions of the Supreme Court of
Ohio are being transmitted electronically beginning May 27,
1992, pursuant to a pilot project implemented by Chief Justice
Thomas J. Moyer.
     Please call any errors to the attention of the Reporter's
Office of the Supreme Court of Ohio.  Attention:  Walter S.
Kobalka, Reporter, or Deborah J. Barrett, Administrative
Assistant.  Tel.:  (614) 466-4961; in Ohio 1-800-826-9010.
Your comments on this pilot project are also welcome.
     NOTE:  Corrections may be made by the Supreme Court to the
full texts of the opinions after they have been released
electronically to the public.  The reader is therefore advised
to check the bound volumes of Ohio St.3d published by West
Publishing Company for the final versions of these opinions.
The advance sheets to Ohio St.3d will also contain the volume
and page numbers where the opinions will be found in the bound
volumes of the Ohio Official Reports.


Amsdell, Trustee, Appellant, v. Cuyahoga County Board of
Revision et al., Appellees.
[Cite as Amsdell v. Cuyahoga Cty. Bd. of Revision (1994),
Ohio St.3d     .]
Taxation -- Real property valuation -- Decision of Board of Tax
     Appeals determining true value of mini storage facility
     unreasonable and unlawful, when.
     (No. 93-163 -- Submitted October 28, 1993 --   Decided
July 20, 1994.)
     Appeal from the Board of Tax Appeals, No. 91-M-254.
     For tax year 1989, the Cuyahoga County Auditor assessed
the mini storage facility owned by appellant, Robert J.
Amsdell, Trustee ("Amsdell"), in Lakewood, Ohio, at a true
value of $1,518,080.  The facility was developed by Amsdell on
1.32 acres of land purchased on August 19, 1987 at a cost of
$400,000.  During calendar year 1988, Amsdell spent $905,771.01
to renovate the subject property by razing some structures on
the land, remodeling an existing building, and constructing
several new buildings.  When completed, the facility consisted
of 503 storage units of various sizes with approximately 53,200
square feet of gross leasable space.
     Amsdell thereafter filed a complaint with the Cuyahoga
County Board of Revision. Following a hearing, the board of
revision determined the true value of the subject property to
be $1,341,990.  From that determination, Amsdell appealed to
the Board of Tax Appeals ("BTA").  At the BTA hearing,
appellant presented evidence by Robert J. Amsdell and David
Rogers, a vice president of Sovran Companies, a real estate
investment company specializing in "self storage properties,"
investment and management.  The appellees, Cuyahoga County
Board of Revision and Cuyahoga County Auditor, offered no
evidence at the BTA hearing.
     The BTA found that appellant has not established "by
competent and probative evidence that the value is other than
that set by the Board of Revision"; and that "appellant has
offered no evidence, independent of those [witnesses] with an
economic interest, that the value was other than that
determined by the Board of Revision."  Thus, the BTA affirmed

the board of revision's true value determination of $1,341,990, finding it to be supported by the record.

The cause is now before this court upon an appeal as of right.

Fred Siegel Co., L.P.A., Fred Siegel, Todd W. Sleggs, Steven R. Gill and Robert K. Danzinger, for appellant.

Stephanie Tubbs Jones, Cuyahoga County Prosecuting Attorney, and William J. Day, Assistant Prosecuting Attorney, for appellees.

Per Curiam. The decision of the BTA is unreasonable and unlawful, and it is reversed.

The BTA, citing Alcan Aluminum Corp. v. Limbach (1989), 42 Ohio St.3d 121, 537 N.E.2d 1302, and Alliance Towers, Ltd. v. Stark Cty. Bd. of Revision (1988), 37 Ohio St.3d 16, 523 N.E.2d 826, stated:

"The Board of Revision's determination of value of real property is presumptively correct."

The BTA has misinterpreted those cases. We have previously disabused the BTA regarding its conclusion that " * * * 'the board [of revision]'s finding of value is entitled to a presumption of validity.'" Springfield Local Bd. of Edn. v. Summit Cty. Bd. of Revision (1994), 68 Ohio St.3d 493, 494, 628 N.E.2d 1365, 1366. In Springfield Local, we rejected the BTA's insistence that R.R.Z. Assoc. v. Cuyahoga Cty. Bd. of Revision (1988), 38 Ohio St.3d 198, 202, 527 N.E.2d 847, 878, and Mentor Exempted Village Bd. of Edn. v. Lake Cty. Bd. of Revision (1988, 37 Ohio St.3d 318, 319, 526 N.E.2d 64, 65 support this conclusion. Also, in Springfield Local, we deflected support for this conclusion from Alliance Towers, Ltd., supra, stating that that case "dealt with the requirement that a board of revision 'perform its duty in good faith and in the exercise of sound judgment' [and that] * * * [t]he good faith and sound judgment questions in that case involved an administrative action, not a quasi-judicial valuation of the board of revision." Springfield Local, 68 Ohio St.3d at 495, 628 N.E.2d at 1366-1367.

Moreover, Alcan Aluminum, supra, does not establish the proposition attributed to it by the BTA. Rather, Alcan Aluminum, a franchise tax case, was concerned with the Tax Commissioner's finding that the involved property was physically located in Ohio. In Alcan Aluminum, supra, at 123, 537 N.E.2d at 1304, we said:

"Absent a demonstration that the commissioner's findings are clearly unreasonable and unlawful, they are presumptively valid. Furthermore, it is error for the BTA to reverse the commissioner's determination when no competent and probative evidence is presented to show that the commissioner's determination is factually incorrect."

While a determination of the true value of real property by a board of revision is entitled to consideration by the BTA, such determination is not presumptively valid.

As we have stated: "The Board of Tax Appeals is vested with wide discretion in determining the weight to be given to evidence and the credibility of witnesses * * *.

"The fair market value of property for tax purposes is a

question of fact, the determination of which is primarily within the province of the taxing authorities, and this court will not disturb a decision of the Board of Tax Appeals with respect to such valuation unless it affirmatively appears from the record that such decision is unreasonable or unlawful." Cardinal Fed. S. & L. Assn. v. Cuyahoga Cty. Bd. of Revision (1975), 44 Ohio St.2d 13, 73 O.O.2d 83, 336 N.E.2d 433, paragraphs three and four of the syllabus.

The BTA was correct in observing, as it did, that a taxpayer on appeal "may successfully challenge a determination of a Board of Revision only where the taxpayer produces competent and probative evidence to establish the correct value of the  subject property."  Here, the taxpayer did that. Amsdell presented evidence of an arm's-length transaction involving the purchase of the real property on which the facility was constructed, and evidence of the costs of renovation and construction of the improvements.

The BTA found that Amsdell did not sustain his burden of proving that the decision of the board of revision was invalid.  The BTA also found no appropriate support for Amsdell's evidence. Those findings are unreasonable and unlawful.

Our holding in Mentor Exempted Village Bd. of Edn. v. Lake Cty. Bd. of Revision (1988), 37 Ohio St.3d 318, 319, 526 N.E. 2d 64, 65, is pertinent:

"* * * [The taxpayers] did not present any evidence to the BTA.  Once the school board had presented evidence that the property's value was different from that determined by the board of revision, [the taxpayers] * * * should have rebutted the school board's evidence."

In addition, Amsdell, as a principal owner, was competent to present testimony, including his opinion of the value of the real property.  Smith v. Padgett (1991), 32 Ohio St.3d 344, 347-348, 513 N.E.2d 737, 740-741.  That testimony, of course, is subject to the BTA's determination of the appropriate weight to be accorded it.   Smith, supra, at 348, 513 N.E. 2d at 741. The BTA, as the trier of fact, had the duty to evaluate and criticize an owner's testimony; it should not have rejected it completely.  See Tokles & Son, Inc. v. Midwestern Indemn. Co. (1992), 65 Ohio St.3d 621, 605 N.E.2d 936, paragraph two of the syllabus.  Amsdell, in addition to his testimony about the purchase of the land and the renovation of the facility, expressed his opinion, using the income approach to value, that the subject property was worth between $1,000,000 and $1,250,000 on January 1, 1989.

The evidence before the BTA established that the true value of the subject property was no more than its acquisition and construction costs of $1,305,771.   The BTA's failure to consider Amsdell's evidence, and its decision to affirm the board of revision, was unreasonable and unlawful.  The decision of the BTA is reversed and the cause is remanded for further proceedings consistent with this opinion.

Decision reversed<br>and cause remanded.

Moyer, C.J., A.W. Sweeney, Wright,  Resnick, F.E. Sweeney and Pfeifer, JJ., concur.

Douglas, J., dissents.

Douglas, J., dissenting.     This case was submitted to this court on October 28, 1993.  Not until March 23, 1994, did we decide Springfield Local Bd. of Edn. v. Summit Cty. Bd. of Revision (1994), 68 Ohio St.3d 493, 628 N.E.2d 1365.  It is hardly fair to say that "[w]e have previously disabused the BTA regarding its conclusion that '* * * "the board [of revision]'s finding of value is entitled to a presumption of validity,"'" and then to cite, for that proposition, Springfield -- a case that had not yet been decided by this court.  Further, it is not unreasonable for the BTA to have reached, on this issue, the conclusion it did when the BTA had before it Alcan Aluminum Corp. v. Limbach (1989), 42 Ohio St.3d 121, 123, 537 N.E.2d 1302, 1304, where we said:  "Absent a demonstration that the commissioner's findings are clearly unreasonable or unlawful, they are presumptively valid."

I also dissent on the merit finding of the majority.  Time and again this court has said that:  "The Board of Tax Appeals is not required to adopt the valuation fixed by any expert or witness * * *"; "[t]he Board of Tax Appeals is vested with wide discretion in determining the weight to be given to evidence and the credibility of witnesses which come before the board * * *"; and "[t]he fair market value of property for tax purposes is a question of fact, the determination of which is primarily within the province of the taxing authorities, and this court will not disturb a decision of the Board of Tax Appeals with respect to such valuation unless it affirmatively appears from the record that such decision is unreasonable or unlawful.  * * *"  (Citations omitted.)  Cardinal Fed. S. & L. Assn. v. Cuyahoga Cty. Bd. of Revision (1975), 44 Ohio St.2d 13, 73 O.O.2d 83, 336 N.E.2d 433, paragraphs two, three and four of the syllabus.

The majority says with regard to the owner's testimony that the BTA "* * * should not have rejected it completely.  * * *"  Just before that statement, the majority concedes that the owner's "* * * testimony, of course, is subject to the BTA's determination of the appropriate weight to be accorded it.  * * *"  That is exactly what the BTA did.  It heard the evidence, evaluated it and found it not to be persuasive.  For doing that, we now say the BTA was wrong.

I would affirm the decision of the BTA.  Because the majority decides otherwise, I respectfully dissent.