VMS Ohio Hotel Associates, Appellant, v. Franklin
County Board of Revision et al., Appellees.

[Cite as *VMS Ohio Hotel Assoc. v. Franklin Cty.
Bd. of Revision* (1995), 71 Ohio St.3d 586.]

(No. 94–317—Submitted October 14, 1994—Decided March 1, 1995.)

*Todd W. Sleggs,* for appellant.

*James R. Gorry,* Special Counsel, and *Jeffrey A. Rich,* for appellees Franklin
County Board of Revision and Franklin County Auditor.

*Teaford, Rich, Coffman & Wheeler, Karol Cassell Fox* and *Jeffrey A. Rich,* for
appellee Columbus Board of Education.

*Per Curiam.* We affirm the BTA's decision.

The BTA reviewed the competing appraisal reports and testimony, including
the income and expense data, and observed "very little distinction * * * between
the two appraisals with the exception of the treatment of franchise fees[.]" The
BTA then concluded that VMS's appraiser in his income approach to valuation
had acted inappropriately regarding such a deduction, and chose to rely upon the
appraisal submitted by the school board.

John R. Garvin, VMS's appraiser, testified that VMS paid a four-percent Holiday Inn franchise royalty fee, but he had no documents in his possession to establish that the franchise fee was not included in the administration and general expenses found on VMS's operating statement furnished to him for appraisal purposes. However, he felt that the expense listing did not include franchise fees and, accordingly, deducted that amount in computing his estimate of true value based on the income approach.

Gary J. Seckel, the school board's appraiser, testified that it was not proper to take a separate expense deduction for franchise fees here because they were already included in general expenses. The BTA found that Seckel's position was supported by the record.

In *Mentor Exempted Village School Dist. Bd. of Edn. v. Lake Cty. Bd. of Revision* (1988), 37 Ohio St.3d 318, 319, 526 N.E.2d 64, 65, we held that "[t]he BTA is not required to adopt the valuation fixed by any witness, and it is vested with wide discretion to determine the weight to be given to evidence and the credibility of witnesses before it. * * * [W]e will disturb the BTA's decision with respect to a valuation only where the decision affirmatively appears from the record to be unreasonable or unlawful."

Here, we find that the BTA's decision was neither unreasonable nor unlawful, and it is affirmed.

*Decision affirmed.*

MOYER, C.J., DOUGLAS, WRIGHT, RESNICK, F.E. SWEENEY, PFEIFER and COOK, JJ., concur.