WEST BAY MANOR COMPANY, APPELLANT, *v.* CUYAHOGA COUNTY BOARD OF REVISION ET AL.; WESTLAKE BOARD OF EDUCATION, APPELLEE.

[Cite as *West Bay Manor Co. v. Cuyahoga Cty. Bd. of Revision* (1995), 73 Ohio St.3d 568.]

(No. 94–1462—Submitted March 30, 1995—Decided August 30, 1995.)

Fred Siegel Co., L.P.A., and Annrita S. Johnson, for appellant.

*Rosenzweig, Schulz & Gillombardo* and *Bill J. Gagliano,* for appellee.

---

*Per Curiam.* West Bay challenges the BTA's findings on the CON and personal property deductions. In both instances, West Bay contends that the record does not support the BTA's findings. We disagree with West Bay.

"We will not overrule BTA findings of fact that are based upon sufficient probative evidence." *R.R.Z. Assoc. v. Cuyahoga Cty. Bd. of Revision* (1988), 38 Ohio St.3d 198, 201, 527 N.E.2d 874, 877.

We note that "[t]he BTA is not required to adopt the valuation fixed by any witness, and it is vested with wide discretion to determine the weight to be given to evidence and the credibility of witnesses before it." *Mentor Exempted Village Bd. of Edn. v. Lake Cty. Bd. of Revision* (1988), 37 Ohio St.3d 318, 319, 526 N.E.2d 64, 65. We have said repeatedly that "[a]ppellant had the duty to prove its right to a reduction in value." *R.R.Z.* at 202, 527 N.E.2d at 878. See, also, *Ohio Region Senior Citizens Hous. Corp. v. Franklin Cty. Bd. of Revision* (1994), 68 Ohio St.3d 489, 491, 628 N.E.2d 1362, 1364; *Crow v. Cuyahoga Cty. Bd. of Revision* (1990), 50 Ohio St.3d 55, 57, 552 N.E.2d 892, 893; and *Zindle v. Summit Cty. Bd. of Revision* (1989), 44 Ohio St.3d 202, 203, 542 N.E.2d 650, 651.

In this case, West Bay Manor had the duty to prove its right to a reduction in value. In determining the CON deduction, the BTA rejected Provencher's conclusion on the CON valuation as too subjective and discounted his testimony because he lacked credibility.

At the hearing, Provencher took the position that the $10,000 valuation was allocable in part to the CON and in part to goodwill, but he did not say how much went to which part. The BTA, also, found that Provencher did not properly explain the goodwill component because he "displayed an ignorance of the licensing of nursing homes, in general." Further, in a prior appraisal of a different nursing home in the same city and for the same tax year as West Bay Manor's, Provencher opined that the CON value was $5,000 per bed. Finally, we note that the BTA's conclusion of $6,000 per bed fell within the range supplied by Provencher.

For the foregoing reasons, we do not find the BTA's valuation of the CON based on $6,000 per bed unlawful or unreasonable.

As to the personal property deduction, the only evidence of the deduction claimed by West Bay is Provencher's testimony, which he did not support with any data. The BTA did not believe this testimony, and the BTA has wide discretion to grant or deny credibility to witnesses. "Absent a showing of an abuse of that discretion, the BTA's determination as to the credibility of witnesses and the weight to be given their testimony will not be reversed by this

court." *Witt Co. v. Hamilton Cty. Bd. of Revision* (1991), 61 Ohio St.3d 155, 157, 573 N.E.2d 661, 663. We find no showing of an abuse of discretion by the BTA in disbelieving Provencher on this point.

The decision of the Board of Tax Appeals is neither unreasonable nor unlawful and it is affirmed.

*Decision affirmed.*

MOYER, C.J., DOUGLAS, WRIGHT, RESNICK, F.E. SWEENEY, PFEIFER and COOK, JJ., concur.