KROGER COMPANY, APPELLANT AND CROSS-APPELLEE, *v.* HAMILTON CTY. BD. OF REVISION; HAMILTON COUNTY AUDITOR, APPELLEE AND CROSS-APPELLANT.

CINCINNATI SCHOOL DISTRICT BD. OF EDUCATION, APPELLEE AND CROSS-APPELLANT, *v.* HAMILTON CTY. BD. OF REVISION; HAMILTON COUNTY AUDITOR, APPELLEE AND CROSS-APPELLANT.

[Cite as *Kroger Co. v. Hamilton Cty. Bd. of Revision* (1993), 67 Ohio St.3d 145.]

(No. 92–1313–Submitted February 25, 1993–Decided August 18, 1993.)

146

Jones, Day, Reavis & Pogue and Roger Day, for appellant and cross-appellee.

Kohnen, Patton & Hunt and David C. DiMuzio, for appellee and cross-appellant Cincinnati School District Board of Education.

Joseph T. Deters, Hamilton County Prosecuting Attorney, and Thomas J. Scheve, Assistant Prosecuting Attorney, for appellee and cross-appellant Hamilton County Auditor.

*Per Curiam.* Kroger contends that the BTA erred in utilizing a five percent vacancy rate in determining true value, asserting that the rate was not supported by any credible evidence. We agree.

The income approach to value is a valid method for establishing the true value of real property, and an essential part of the computation is to determine the estimated gross income of the property. Adjustments for such items as depreciation and vacancy rate may be warranted.

Appraiser Carrelli testified about a five percent vacancy rate, but the record does not reflect any justification for that rate; it apparently was estimated. On the other hand, appraiser Kelly's fifteen percent rate was based upon his analysis of market data and other information. Also, the record before the BTA contains additional evidence showing vacancy rates for class B buildings, such as the Kroger Building, of fifteen to seventeen percent.

Since the five percent vacancy rate was not supported by sufficient probative evidence, its use was unreasonable. *Hawthorn Mellody,' Inc. v. Lindley* (1981), 65 Ohio St.2d 47, 19 O.O.3d 234, 417 N.E.2d 1257, syllabus. We remand the cause to the BTA with instructions to redetermine true value for 1987 by the application of a vacancy rate supported by the record.

The thrust of the school board's argument, an argument also made by the county auditor on cross-appeal, is directed at the sale/leaseback agreement evidence. The cross-appellants contend that the sale price referred to in this agreement is the best evidence of true value of the subject property.

We agree with the BTA that the sale/leaseback transaction sale price does not establish true value. This transaction was not an arm's-length sale because Kroger did not offer the property on the market. *Walters v. Knox Cty. Bd. of Revision* (1989), 47 Ohio St.3d 23, 546 N.E.2d 932, syllabus. The BTA viewed the transaction as: " * * * a borrowing of money subject to full repayment * * * even though documented in the form of a sale and leaseback transaction." We conclude that the BTA correctly resolved this issue.

Accordingly, the decision of the BTA is affirmed in part and reversed in part, and the cause is remanded to the BTA for reconsideration in accordance with this opinion.

*Decision affirmed in part,*
*reversed in part*
*and cause remanded.*

MOYER, C.J., A.W. SWEENEY, DOUGLAS, RESNICK, F.E. SWEENEY and PFEIFER, JJ., concur.

WRIGHT, J., not participating.