OPINIONS OF THE SUPREME COURT OF OHIO
      The full texts of the opinions of the Supreme Court of
Ohio are being transmitted electronically beginning May 27,
1992, pursuant to a pilot project implemented by Chief Justice
Thomas J. Moyer.
      Please call any errors to the attention of the Reporter's
Office of the Supreme Court of Ohio.  Attention:  Walter S.
Kobalka, Reporter, or Deborah J. Barrett, Administrative
Assistant.  Tel.:  (614) 466-4961; in Ohio 1-800-826-9010.
Your comments on this pilot project are also welcome.
      NOTE:  Corrections may be made by the Supreme Court to the
full texts of the opinions after they have been released
electronically to the public.  The reader is therefore advised
to check the bound volumes of Ohio St.3d published by West
Publishing Company for the final versions of these opinions.
The advance sheets to Ohio St.3d will also contain the volume
and page numbers where the opinions will be found in the bound
volumes of the Ohio Official Reports.


Ohio Region Senior Citizens Housing Corp., Appellant v.
Franklin County Board of Revision et al., Appellees.
[Cite as Ohio Region Senior Citizens Hous. Corp. v. Franklin
Cty. Bd. of Revision (1994),      Ohio St.3d     .]
Taxation -- Real property valuation -- Federally subsidized
      apartment complex for low-income or handicapped persons --
      Board of Tax Appeals required to use appropriate economic
      or market rents and expenses in determining true value of
      subsidized apartments by the income approach to value --
      Board's decision reversed, when.
      (No. 92-1808 -- Submitted June 10, 1993 -- Decided March
23, 1994.)
      Appeal from the Board of Tax Appeals, No. 89-C-888.
      Appellant, Ohio Region Senior Citizens Housing
Corporation, owns a forty-unit apartment complex located on
3.711 acres in Columbus, Ohio.  Tenancy in this federally
subsidized complex is limited to low-income elderly or
handicapped persons.  The complex, constructed in 1987,
consists of ten efficiency units and thirty one-bedroom units -
- four of which were designed specifically for use by the
handicapped.  For tax year 1988, the appellee Franklin County
Auditor determined the complex's true value to be $1,079,300.
This valuation was affirmed by appellee Franklin County Board
of Revision; and appellant, claiming the right to a reduction
in value, appealed to the Board of Tax Appeals ("BTA").
      The BTA likewise determined the true value of the complex
to be $1,079,300.
      This cause is now before the court upon an appeal as of
right.

      Arter & Hadden and Karen H. Bauernschmidt, for appellant.
      Michael Miller, Franklin County Prosecuting Attorney, and
James R. Gorry, Assistant Prosecuting Attorney, for appellees
Franklin County Board of Revision et al.
      Teaford, Rich, Coffman & Wheeler and Jeffrey A. Rich, for
appellee Columbus School District Board of Education.

      Per Curiam.  Appellant, in its notice of appeal, urges

that: (1) the BTA valuation contravened Canton Towers, Ltd. v. Stark Cty. Bd. of Revision  (1983), 3 Ohio St. 3d 4, 3 OBR 302, 444 N.E. 2d 1027, and later supporting cases, (2) it was unreasonable for the BTA to reject the income approach to value of appellant's appraiser, John R. Garvin ("Garvin"), and (3) it was unlawful for the BTA to reject Garvin's use of stabilized expenses in his income approach.

At the the BTA hearing, Garvin presented his appraisal report and testified at length.  Garvin, relying on the cost approach and the income approach to value, estimated the true value of the complex, including furniture, fixtures and equipment, to be $610,000. The appraiser for the appellees (the auditor, the board of revision and the school board) used the income approach and the market approach, and estimated the true value of the complex at $1,100,000.  Both appraisers considered all three standard approaches to value. Both agreed that the income approach was the most appropriate method of valuation and that the complex should be appraised as if unencumbered, since it was subsidized housing.

The BTA agreed that the income approach was appropriate, but criticized Garvin for his use of actual expenses rather than market expenses, and it criticized appellees' appraiser for his failure to provide specific information concerning sales of comparable units.  The BTA refused to accept the valuation of either appraiser, and determined that "considering the valid elements of each appraisal, i.e., the appellant's comparables, including the appellant's adjusted gross income figure, and the county appellees' expenses figure and capitalization rate, the figure derived would be virtually the same as that which the county auditor determined * * *."  Thus, the BTA found the value assessed by the auditor "accurately reflect[s] the fair market value of the subject property as of January 1, 1988."

The BTA found the significant defect in Garvin's income approach was his failure to use market expenses, as required by Canton Towers, Ltd., supra.  We do not find that Garvin used the actual expenses only in appraising the subject property. The BTA erred. Its rejection of Garvin's appraisal on this basis "is not the sort of weighing of evidence or determination of credibility to which we must defer."  SFZ Transp., Inc. v. Limbach (1993), 66 Ohio St. 3d 602, 605, 613 N.E. 2d 1037, 1040.

The record reflects that Garvin began with a review of the actual expenses, but that they were only a part of the basis for his appraisal.  He identified the actual expenses of the complex for 1987, 1988 and 1989, and explained how those expenses had to be adjusted to stabilize expenses for the tax year in question by deducting real estate taxes and the costs of repairs, maintenance, utilities, and management fees, in addition to reserves for replacement.  These adjusted expenses, according to Garvin, compared "very closely with other operating expense statements [he had] reviewed over the * * * years which apply to apartment projects."  He testified that the capitalization rate employed in his calculation of true value of the complex was "based on other observations in the market."  He also testified that personal property, consisting of furniture, fixtures and equipment valued at $27,700, was included in his true value estimate.  Finally, on

cross-examination, Garvin said that his "appraisal report is on the market economics of the project * * * and not the economics of subsidization."

We agree with appellant that Canton Towers, Ltd., supra, requires the use of appropriate economic or market rents and expenses in determining the true value of subsidized apartments by the income approach to value. That is precisely what Garvin's evidence showed. The BTA's conclusion to the contrary is both unreasonable and unlawful. See, also, Villa Park Ltd. v. Clark Cty. Bd. of Revision (1994), 68 Ohio St.3d 215, 625 N.E.2d 613.

Additionally, we reiterate our holding in R.R.Z. Assoc. v. Cuyahoga Cty. Bd. of Revision (1988), 38 Ohio St.3d 198, 202, 527 N.E.2d 874, 878, that "[a]ppellant had the duty to prove its right to a reduction in value."

In this case, appellant complained of the true value determination of the county auditor and the board of revision, presented to the BTA the evidence of its appraisal witness, and sustained its burden of proving that the true value determination from which it appealed was excessive.

The decision of the BTA, affirming the decision of the board of revision, is unreasonable and unlawful and it is reversed. The BTA is instructed to find the true value of the subject property, excluding furniture, fixtures and equipment, to be $582,300.

Decision reversed.

Moyer, C.J., A.W. Sweeney, Wright, Resnick, F.E. Sweeney and Pfeifer, JJ., concur.

Douglas, J., dissents.

Douglas, J., dissenting. This case is just another dispute between parties, each with qualified appraisers, who disagree on how the market value of a piece of real property should be determined. One of the reasons the Board of Tax Appeals ("BTA") was created was to resolve just such factual disputes. Reversing this decision of the BTA will ensure yet another steady stream of cases to this court on such issues with the hope (and maybe now, even expectation) that a majority of this court will sit as a super BTA and substitute the court's judgment for that of the BTA.

The only real issue in this case is which expense ratios should be used as part of the process for determining market value. The appraiser for appellant-landowner used the actual HUD operating expenses and, thereby, reached a fifty-five percent expense ratio. Appellees' appraiser used a straight percentage expense ratio and found thirty percent to be the proper figure.

While appellant's argument, that different county appraisers utilize differing "standard" expense ratios, seems to have validity, it is also true that this is why this court has, time and again, said that: "The Board of Tax Appeals is not required to adopt the valuation fixed by any expert or witness * * *"; "[t]he Board of Tax Appeals is vested with wide discretion in determining the weight to be given to evidence and the credibility of witnesses which come before the board * * *"; and "[t]he fair market value of property for tax purposes is a question of fact, the determination of which is primarily within the province of the taxing authorities, and this court

will not disturb a decision of the Board of Tax Appeals with respect to such valuation unless it affirmatively appears from the record that such decision is unreasonable or unlawful.  * * *"  (Citations omitted.)  Cardinal Fed. S. & L. Assn. v. Cuyahoga Cty. Bd. of Revision (1975), 44 Ohio St.2d 13, 73 O.O.2d 83, 336 N.E.2d 433, paragraphs two, three and four of the syllabus.

The issue before the BTA and this court is one that is a question of fact.  In Dinner Bell Meats, Inc. v. Cuyahoga Cty. Bd. of Revision (1984), 12 Ohio St.3d 270, 272, 12 OBR 347, 349, 466 N.E.2d 909, 911, this court said that "[t]he appraisals of the two experts differed on the amount to be deducted for these factors, thus creating a disputed factual situation for the board.  It is well-settled that 'it is not the function of this court to substitute its judgment on factual issues for that of the Board of Tax Appeals.  We are limited to a determination from the record whether the decision reached by the board is unreasonable or unlawful.'"  (Citations omitted.)

The majority recites some of appellant's appraiser's testimony.  That is fine -- but not the issue.  The BTA listened to the evidence on both sides of the issue and determined that the evidence, on this issue, submitted by appellant through its appraiser should not be accepted.  There is nothing unreasonable or unlawful in this factual determination by the BTA.

I would affirm the decision of the BTA.  Because the majority does not do so, I respectfully dissent.