[This opinion has been published in *Ohio Official Reports* at 69 Ohio St.3d 337.]

CAMBRIDGE ARMS, LTD., APPELLANT, *v*. HAMILTON COUNTY BOARD OF
REVISION ET AL., APPELLEES.

[Cite as *Cambridge Arms, Ltd. v. Hamilton Cty. Bd. of Revision*,
1994-Ohio-530.]

*Taxation—Real property valuation—Federally subsidized construction of
apartment complex for elderly and handicapped occupants—Board of Tax
Appeals' decision affirmed, when.*

(No. 92-2378—Submitted July 15, 1993—Decided May 25, 1994.)

APPEAL from the Board of Tax Appeals, Nos. 90-M-1352 and 90-M-1353.

———————————

{¶ 1} Cambridge Arms, Ltd., appellant, owns two seven-story high-rise
apartment buildings, Cambridge I, built in 1981, and Cambridge II, built in 1984,
and a parking lot with seventy-three parking spaces, located on 3.60 acres in
Cincinnati, Ohio. Each building has two elevators and a security entrance and is
approximately 84,000 square feet in size. Construction was subsidized under a
Federal Housing Administration program for elderly and handicapped occupants.

{¶ 2} The complex has two hundred and fifteen apartment units. Of these,
two are two-bedroom apartments containing approximately 799 square feet. The
rest are one-bedroom conventional or handicapped apartments with approximately
555 or 628 square feet. The complex is equipped with handrails in hallways and
emergency pull cords in apartments and, in some units, extra space in the bathrooms
and halls for wheelchairs.

{¶ 3} For tax year 1989, the county auditor assessed the subject property at
a true value of $4,919,060. On appeal, the Hamilton County Board of Revision
determined the true value to be $6,085,700. Cambridge Arms, contending that the

true value should be $3,600,000, appealed to the Board of Tax Appeals ("BTA"). The BTA affirmed the valuation by the board of revision.

{¶ 4} The cause is now before the court upon an appeal as of right.

_____

*Wayne E. Petkovic*, for appellant.

*Joseph T. Deters*, Hamilton County Prosecuting Attorney and *Thomas J. Scheve*, Assistant Prosecuting Attorney, for appellees.

_____

**Per Curiam.**

{¶ 5} The BTA decision is not unreasonable or unlawful, and we affirm it for the reasons which follow.

{¶ 6} At the BTA hearing, Cambridge Arms presented the testimony of appraiser John H. Garvin; Marlene McDaniel, an employee of the county auditor, testified for appellees.

{¶ 7} Garvin estimated the true value of the property to be $4,080,000. His appraisal utilized the income approach to value and the cost approach. He chose four comparable properties which appear to be older than the subject property and do not have amenities common to newer apartments constructed for the elderly and handicapped. He did, however, make adjustments to the rents in order to determine current market rents. He calculated a gross potential income amount, and used actual operating expenses to calculate a stablized expense figure which he subtracted from potential income. He then used a 12.11 percent capitalization rate to determine the true value of the complex.

{¶ 8} McDaniel's appraisal of the property at $7,600,000 also used the income and the cost approaches. For comparables, she found three projects built for the elderly since 1984 which, in her opinion, contained amenities equal to those in the subject property. She used the rents charged in those properties without

adjustments. She then used a 35.1 percent expense calculation and a 12.74 percent capitalization rate to estimate true value.

{¶ 9} The BTA found that because there was no evidence of a recent sale of the subject property, appraisal evidence was acceptable and that the income approach to value was the most appropriate appraisal method for this kind of property.

{¶ 10} The BTA observed initially that "the action of a county board of revision in fixing the true value of real property is presumptively correct," citing *R.R.Z. Assoc. v. Cuyahoga Cty. Bd. of Revision* (1988), 38 Ohio St.3d 198, 202, 527 N.E.2d 874, 878, and *Mentor Exempted Village Bd. of Edn. v. Lake Cty. Bd. of Revision* (1988), 37 Ohio St.3d 318, 526 N.E.2d 64. We disagree. As we held recently, in *Springfield Local Bd. of Edn. v. Summit Cty. Bd. of Revision* (1994), 68 Ohio St.3d 493, 628 N.E.2d 1365, that conclusion is fallacious and a mischaracterization of those cases.

{¶ 11} In *Springfield Local*, at 495, 628 N.E.2d at 1366, we said:

"* * * No mention was made in *R.R.Z.* regarding a presumption of validity.

"In Mentor, also, we did not refer to any presumption of validity. * * *"

{¶ 12} The BTA found specifically that appellant had not satisfied its requisite burden of proof. The BTA found "the market rents used by Mr. Garvin were not clearly comparable and the adjustments made to those rents were not objective nor rationally used." Moreover, the BTA found that "while adjustments downward were made for amenities * * *, in no case were adjustments upwards made based upon the fact that the subject property appears to be newer and appears to have amenities desired by the elderly and necessary for the handicapped." Accordingly, the BTA rejected Garvin's estimate of true value, concluding: "[T]his Board is not persuaded that the appellant's opinion of value is more rationally based than the Board of Revision's."

**{¶ 13}** Likewise, the BTA found McDaniel's testimony not to be persuasive because her comparables were "not truly comparable" and did not contain appropriate adjustments to rental rates.

**{¶ 14}** The BTA found, and we agree, that Cambridge Arms failed to sustain its burden of proving it was entitled to a reduction in value. We have said repeatedly that "[a]ppellant had the duty to prove its right to a reduction in value." *R.R.Z. Assoc. v. Cuyahoga Cty. Bd. of Revision*, *supra*, at 202, 527 N.E.2d at 878; *Crow v. Cuyahoga Cty. Bd. of Revision* (1990), 50 Ohio St.3d 55, 57, 552 N.E.2d 892, 893; and *Ohio Region Senior Citizens Hous. Corp. v. Franklin Cty. Bd. of Revision* (1994), 68 Ohio St.3d 489, 491, 628 N.E.2d 1362, 1363.

**{¶ 15}** The decision of the Board of Tax Appeals is neither unreasonable nor unlawful and it is affirmed.

*Decision affirmed.*

MOYER, C.J., A.W. SWEENEY, WRIGHT, RESNICK and F.E. SWEENEY, JJ., concur.

DOUGLAS, J., concurs in judgment only.

PFEIFER, J., dissents.

_____