CLEVELAND HEIGHTS/UNIVERSITY HEIGHTS BOARD OF EDUCATION, APPELLANT, *v.* CUYAHOGA COUNTY BOARD OF REVISION ET AL.; MAY DEPARTMENT STORES COMPANY, APPELLEE.

[Cite as *Cleveland Hts./Univ. Hts. Bd. of Edn. v. Cuyahoga Cty. Bd. of Revision* (1995), 72 Ohio St.3d 189.]

(No. 94–1399—Submitted December 9, 1994—Decided May 17, 1995.)

190

■■■■■■■■■■■■■■■■■■■■■■■■

■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■

■■■■■■■■■■■■■■■■■■■■■

*Kolick & Kondzer, Daniel J. Kolick* and *John P. Desimone*, for appellant.
*Jones, Day, Reavis & Pogue* and *Roger F. Day*, for appellee.

*Per Curiam.* We affirm the BTA's decision.

Initially, appellant raises a procedural issue regarding the propriety of the BTA's admission of the testimony of Johnston, whose name was not disclosed by May prior to the BTA hearing. The school board contends that it was surprised by the witness, that May's counsel had failed to supplement prior information given concerning proposed witnesses for trial, and that Civ.R. 26 and Ohio Adm.Code 5717–1–10 require prior notification of the names of witnesses. Accordingly, the school board contends, the testimony of Johnston should not have been admitted and should now be stricken from the record. We disagree.

Johnston did not testify as an expert witness, but as a fact witness regarding the sale/leaseback transaction. Ohio Adm.Code 5717–1–10, cited by the school board, provides no support for its argument. The administrative rule contains no specific obligation, *vis-a-vis* disclosure of names of witnesses, expert or fact, to supplement an initial disclosure of expert witnesses. Under Civ.R. 26(B)(4)(b), a party may require another party "to identify each person whom the party expects to call as an expert witness at trial." Moreover, Civ.R. 26(E), relied upon by the school board, likewise deals only with expert witnesses. Johnston was a fact witness, making Civ.R. 26 inapplicable. The BTA's decision admitting his testimony regarding the sale/leaseback transaction was proper.

As to the substance of the school board's argument, we agree with the BTA's decision. The January 31, 1991 sale/lease back transaction was not an arm's-length sale but was, as in *Kroger Co. v. Hamilton Cty. Bd. of Revision* (1993), 67 Ohio St.3d 145, 616 N.E.2d 877, " ' * * * borrowing of money subject to full repayment * * * even though documented in the form of a sale and leaseback transaction.' "

The primary issue in this appeal is whether the BTA's decision was reasonable and lawful. Under *Cardinal Fed. S. & L. Assn. v. Cuyahoga Cty. Bd. of Revision* (1975), 44 Ohio St.2d 13, 73 O.O.2d 83, 336 N.E.2d 433, "the determination of [a question of fact] is primarily within the province of the taxing authorities and this court will not disturb [such] decision * * * unless it affirmatively appears from

the record that such decision is unreasonable or unlawful." *Id.* at paragraph four of the syllabus.

The BTA made findings of fact that the sale/leaseback was primarily a financing concern and not an open-market sale, and that the BTA correctly valued May's property. These were factual conclusions, and we will not overrule them or disturb the BTA's valuation because there was sufficient probative evidence in the record to support the BTA's finding. *Federated Dept. Stores, Inc. v. Lindley* (1984), 5 Ohio St.3d 213, 215, 5 OBR 455, 458, 450 N.E.2d 687, 689.

Finally, we find, as did the BTA, that the school board failed to prove its right to an increase in the true value of the subject property. *Cleveland Bd. of Edn. v. Cuyahoga Cty. Bd. of Revision* (1994), 68 Ohio St.3d 336, 626 N.E.2d 933.

The decision of the BTA was neither unreasonable nor unlawful, and it is affirmed.

*Decision affirmed.*

MOYER, C.J., DOUGLAS, WRIGHT, RESNICK, F.E. SWEENEY, PFEIFER and COOK, JJ., concur.