[This opinion has been published in *Ohio Official Reports* at 72 Ohio St.3d 189.]

**CLEVELAND HEIGHTS/UNIVERSITY HEIGHTS BOARD OF EDUCATION, APPELLANT, *v*. CUYAHOGA COUNTY BOARD OF REVISION ET AL.; MAY DEPARTMENT STORES COMPANY, APPELLEE.**

[Cite as *Cleveland Hts./Univ. Hts. Bd. of Edn. v. Cuyahoga Cty. Bd. of Revision*, 1995-Ohio-157.]

*Taxation—Real property valuation—Board of Tax Appeals' determination of the true value of property will not be overruled by court when it appears from the record that the decision is neither unreasonable nor unlawful.*

(No. 94-1399—Submitted December 9, 1994—Decided May 17, 1995.)

APPEAL from the Board of Tax Appeals, Nos. 92-A-32 and 92-A-33.

————————————

{¶ 1} Appellee, May Department Stores Company, owns three parcels of real property in University Heights, Ohio, which is in the Cleveland Heights/University Heights Board of Education ("school board") taxing district. The subject property, located on 15.85 acres, consists of the May Company Department Store ("May"), containing 351,363 square feet of space, and adjoining parcels leased for construction of a National City Bank building, a medical building, and parking lots. For tax year 1990, the Cuyahoga County Auditor assessed the subject property at a true value of $6,771,260.

{¶ 2} On January 31, 1991, May entered into a sale/leaseback transaction with ABS Development Company ("ABS"), in which May sold the property to ABS for $14,000,000 and leased it back at an annual rental of $1,365,000 to $2,030,000 over a twenty-five-year period. It is undisputed May did not obtain an independent appraisal and did not offer the property on the open market. Rather, May considered it a financing transaction.

**{¶ 3}** The school board filed a complaint with the Cuyahoga County Board of Revision seeking an increase in the valuation of the subject property to $14,000,000. May filed a counterclaim seeking to maintain the auditor's valuation. After the school board and May presented evidence to the board of revision, the board affirmed the auditor's valuation. The school board then appealed to the Board of Tax Appeals ("BTA").

**{¶ 4}** Prior to the BTA hearing, the school board requested that May provide documents involving the sale/leaseback transaction and asked for the identity of all expert witnesses and all fact witnesses which May intended to call at the hearing. May responded that the witnesses were not yet identified.

**{¶ 5}** The BTA hearing was scheduled for September 28, 1993, and May did not supplement its response to the school board's interrogatories by identifying Bruce Johnston as either a fact or expert witness. When May called Johnston to testify at the hearing, the school board objected and requested that, for sanctions, Johnston's testimony be excluded because he had not been disclosed as a witness. The BTA refused to issue sanctions and permitted Johnston's testimony.

**{¶ 6}** Sam D. Canitia, the school board's expert appraiser, expressed the opinion that the fair market value of the subject property was $15,670,000 based upon the sales-comparison approach to value. He testified that the uses to which the subject property were put—a department store, a bank, and a medical building—were its highest and best uses. However, the BTA questioned Canitia's conclusions because the testimony of both parties' witnesses indicated that:

(1) "multi-level, freestanding department stores are rare," (2) "[t]heir design has become outdated and impractical for today's facilities,"

(3) " [n]one of said appraiser[s'] 'comparables' included a freestanding department store,"

(4) Canitia's comparables were "[not] even remotely close [in size] to the square footage found in the subject [property]," and

(5) "[t]he largest 'comparable,' measuring 100,991 square feet[,] is less than one third of the 351,363 square feet of the subject [property]."

{¶ 7} Accordingly, the BTA found Canitia's report "less reliable," and stated that "the prejudice suffered by the appellant did not outweigh the need of this Board to obtain otherwise relevant evidence, which goes to the crux of the valuation questions * * *." The BTA also found that the sale/leaseback transaction was made for the purpose of generating cash, the property was never offered on the open market, and the $14,000,000 transaction between May and ABS did not "qualify as the type of sale that would be the best indication of value," since the sale was not arm's length and was consummated for financing concerns only. The BTA concluded that "appellant has failed to prove its right to an increase in the valuation of the subject property." Thus, the BTA determined that the true value of the property was $6,671,260, and affirmed the valuation of the board of revision.

{¶ 8} The cause is now before this court upon an appeal as of right.

———————————

*Kolick & Kondzer, Daniel J. Kolick* and *John P. Desimone*, for appellant.

*Jones, Day, Reavis & Pogue* and *Roger F. Day*, for appellee.

———————————

*Per Curiam.*

{¶ 9} We affirm the BTA's decision.

{¶ 10} Initially, appellant raises a procedural issue regarding the propriety of the BTA's admission of the testimony of Bruce Johnston, whose name was not disclosed by May prior to the BTA hearing. The school board contends that it was surprised by the witness, that May's counsel had failed to supplement prior information given concerning proposed witnesses for trial, and that Civ. R. 26 and Ohio Adm. Code 5717-1-10 require prior notification of the names of witnesses. Accordingly, the school board contends, the testimony of Johnston should not have been admitted and should now be stricken from the record. We disagree.

{¶ 11} Johnston did not testify as an expert witness, but as a fact witness regarding the sale/leaseback transaction. Ohio Adm. Code 5717-1-10, cited by the school board, provides no support for its argument. The administrative rule contains no specific obligation, *vis-a-vis* disclosure of names of witnesses, expert or fact, to supplement an initial disclosure of expert witnesses. Under Civ. R. 26(B)(4)(b), a party may require another party "to identify each person whom the party expects to call as an expert witness at trial." Moreover, Civ. R. 26(E), relied upon by the school board, likewise deals only with expert witnesses. Johnston was a fact witness, making Civ. R. 26 inapplicable. The BTA's decision admitting his testimony regarding the sale/leaseback transaction was proper.

{¶ 12} As to the substance of the school board's argument, we agree with the BTA's decision. The January 31, 1991 sale/lease back transaction was not an arm's-length sale but was, as in *Kroger Co. v. Hamilton Cty. Bd. of Revision* (1993), 67 Ohio St.3d 145, 616 N.E.2d 877, "'* * * borrowing of money subject to full repayment * * * even though documented in the form of a sale and leaseback transaction.'"

{¶ 13} The primary issue in this appeal is whether the BTA's decision was reasonable and lawful. Under *Cardinal Fed. S.&L. Assn. v. Cuyahoga Cty. Bd. of Revision* (1975), 44 Ohio St.2d 13, 73 O.O. 2d 83, 336 N.E.2d 433, "the determination of [a question of fact] is primarily within the province of the taxing authorities and this court will not disturb [such] decision * * * unless it affirmatively appears from the record that such decision is unreasonable or unlawful." Id. at paragraph four of the syllabus.

{¶ 14} The BTA made findings of fact that the sale/leaseback was primarily a financing concern and not an open-market sale, and that the BTA correctly valued May's property. These were factual conclusions, and we will not overrule them or disturb the BTA's valuation because there was sufficient probative evidence in the

record to support the BTA's finding. *Federated Dept. Stores, Inc. v. Lindley* (1984), 5 Ohio St.3d 213, 215, 5 OBR 455, 458, 450 N.E.2d 687, 689.

{¶ 15} Finally, we find, as did the BTA, that the school board failed to prove its right to an increase in the true value of the subject property. *Cleveland Bd. of Edn. v. Cuyahoga Cty. Bd. of Revision* (1994), 63 Ohio St.3d 336, 626 N.E.2d 933.

{¶ 16} The decision of the BTA was neither unreasonable nor unlawful, and it is affirmed.

*Decision affirmed.*

MOYER, C.J., DOUGLAS, WRIGHT, RESNICK, F.E. SWEENEY, PFEIFER and COOK, JJ., concur.

———————————