**EAST LIVERPOOL LANDFILL, INC., Appellant,**

v.

**COLUMBIANA COUNTY BOARD OF REVISION et al., Appellees.**

[Cite as *E. Liverpool Landfill, Inc. v. Columbiana Cty. Bd. of Revision* (1997), 117 Ohio App.3d 606.]

Court of Appeals of Ohio,
Seventh District, Columbiana County.

No. 95–CO–25.

Decided Jan. 27, 1997.

*Peter B. Grinstein* and *Timothy M. Reardon,* for appellant.

*Robert L. Herron,* Columbiana County Prosecuting Attorney, and *Andrew A. Beech,* Assistant Prosecuting Attorney, for appellee, Columbiana County Board of Revision.

*Daniel McIntyre,* for appellee, Beaver Local School District Board of Education.

Cox, Judge.

This matter presents a timely appeal from a decision rendered by the Board of Tax Appeals ("BTA"), sustaining the value set by appellee, Columbiana County Board of Revision, for taxing purposes, on the real property in question. Appellee had increased the assessed value of the property from $5,216,360, as originally determined by the Columbiana County Auditor, to $12,910,000.

The property consisted of a nonhazardous, solid waste disposal facility and adjoining realty, located in Columbiana County. From 1969 to 1993, the property was owned and operated by the city of East Liverpool, thereby retaining a tax-exempt status. On March 3, 1993, the property was purchased by appellant, East Liverpool Landfill, Inc. Upon appellant's purchase, the property lost its tax-exempt status, and the Columbiana County Auditor assessed the taxable value of the property at $5,216,360. The purchased property contained three separate parcels of land: permanent parcel No. 40–50024.000 (Parcel 1), permanent parcel No. 40–00590.000 (Parcel 2), and permanent parcel 40–50013.001 (Parcel 3). The Columbiana County Auditor determined that the true value of the property was as follows:

Parcel 1—$3,890,506

Parcel 2—$1,243,520

Parcel 3—$82,280

Subsequently, appellant filed a complaint and appellee, Beaver Local School District Board of Education, filed a countercomplaint with appellee, Columbiana County Board of Revision. Appellee, Columbiana County Board of Revision, ultimately determined that the property had a total value of $12,910,000, allocating a true value (as opposed to a taxable value) to each parcel as follows:

Parcel 1—$7,725,190

Parcel 2—$2,469,160

Parcel 3—$1,806,560

On or about March 26, 1993, appellant filed its notice of appeal to the BTA. On appeal to the BTA, appellant claimed that the total true value of the property was $206,547.21. On March 24, 1995, the BTA filed its decision and order, affirming the valuation placed on the property by appellee, Columbiana County Board of Revision. On April 24, 1995, appellant filed its notice of appeal from the BTA's decision and order. Appellant initially stated four assignments of error on appeal. However, in the body of its brief, appellant asserted only three assignments of error, claiming to include the arguments under its stated fourth assignment of error throughout all issues presented herein. We will therefore address the three assignments of error enunciated in the body of appellant's brief.

Appellant's first assignment of error alleges:

"The decision of the Ohio Board of Tax Appeals is unreasonable and unlawful for the reason that the board ignored competent and probative evidence concerning the terms of a recent sale of the subject parcels."

There is no apparent dispute between the parties as to the controlling case law. All parties agree that the best evidence of the true value of real property for taxation purposes is a recent sale in an arm's-length transaction between a willing seller and a willing buyer. *Zazworsky v. Licking Cty. Bd. of Revision* (1991), 61 Ohio St.3d 604, 575 N.E.2d 842. The parties' disagreement arises from a dispute as to the true valuation of the purchase amount.

The Ohio Supreme Court in *Ratner v. Stark Cty. Bd. of Revision* (1986), 23 Ohio St.3d 59, 23 OBR 192, 491 N.E.2d 680, held that although the actual sale price provides strong evidence of market value, other factors, such as mode of payment, sale-lease arrangements, or abnormal economic conditions, can affect the use of the sale price of property as evidence of its true value.

R.C. 5713.03 provides:

"The county auditor, from the best sources of information available, shall determine, as nearly as practicable, the true value of each separate tract, lot, or

parcel of real property and of buildings, structures, and improvements located thereon * * *."

First, appellant contends that the evidence which it presented to the BTA established the true value of the property at $206,547.21 on the tax lien date. Appellant's purchase of the landfill operation from East Liverpool on March 3, 1993 included the approximately one hundred eighty-nine acres of the real estate at issue. It is appellant's contention that the value of the business as a going concern was $2,042,500 and was established as follows:

1. $50,000 down payment and $950,000 cash payment due on the closing date;

2. $1,000,000 payment to East Liverpool for the cost of extending city water lines to the residences in the vicinity of the landfill;

3. $42,500 payment to East Liverpool for Parcel 2; and

4. The cost of allowing East Liverpool to continue to dump a limited daily amount of its waste at the facility free of charge, for twenty years. (See Agreement Regarding the Sale and Purchase of the East Liverpool Landfill, Appellant's Exhibit 3.)

To support its contentions, appellant relies upon the testimony elicited from Ronald Klingle. Klingle was appellant's chief executive officer and board chairman and was personally involved with negotiating the East Liverpool Landfill purchase agreement. Klingle testified that the last component of the aforementioned purchase price, the free dumping of waste, added no additional cost to appellant. Essentially, Klingle offered that appellant did not have to hire any additional employees or purchase any additional equipment to handle East Liverpool's "small amount of waste."

Appellant maintains that the fair market value of the real estate involved in the purchase herein was $206,547.21. Appellant arrived at this figure by taking the amount East Liverpool had been paid for the acreage making up Parcel 2 ($42,500), dividing it by the number of acres in Parcel 2 (38.86), and then multiplying the resulting amount ($1,093.67 per acre) by the total acreage (approximately one hundred eighty-nine).

Appellant also entered into evidence the purchase agreement, which basically provided the same information that Klingle offered at trial. In addition, appellant submits that the testimony of Charles Boryenace, its chief financial officer and treasurer, further supported its position that the aggregate purchase price for the landfill business was $2,042,500, and $206,547.21 was allocated for the cost of the property.

Finally, appellant offers that the testimony of Daniel Lewis, an experienced real estate appraiser, substantiated the fact that the value which it placed on the

real estate was consistent with the value of comparable parcels of land. Appellant avers that it clearly met its burden of providing competent and probative evidence to the BTA, which established that the true value of the property was $206,547.21. Appellant concludes that appellees failed to meet their burden of presenting evidence to the BTA to rebut its evidence of value and, hence, appellant is entitled to a reduction in the value of the property in an amount which will then reflect the total value of $206,547.21.

Appellees respond that appellant's evidence was not sufficient to warrant a reduction in the value set by appellee, Columbiana County Board of Revision. Appellees contend that the evidence demonstrated that East Liverpool's bid form required the following six terms and conditions:

1. $1,000,000 lump-sum down payment;

2. $1,000,000 in assistance to East Liverpool for water system improvements;

3. $42,500 to East Liverpool for the purchase of Parcel 2;

4. East Liverpool's right to dispose of its waste, not to exceed a certain amount, for a period of twenty years, free of charge;

5. Minimum annual royalty payments of $600,000 for twenty years; and

6. Seventeen percent of disposal receipts for twenty years.

The parties appear to agree that items 1 through 4 above were part of the purchase agreement. Appellees also agree that the values claimed by appellant for items 1 through 3 were correct. However, appellees argue that regardless of the fact that East Liverpool's right to free waste dumping added no additional cost to appellant, that right was "consideration" and its value was part of the exchange. The Columbiana County Deputy Auditor, Robert Mellinger, concluded that the present value of this right was $3.9 million.

In addition, appellees argue that the installment payments of $600,000 per year for twenty years and the seventeen percent of the gross disposal receipts for twenty years were part of the purchase agreement. Mellinger testified that the present value of each item was $5,000,000 and $1.2 million, respectively. Appellees further criticize the value that appellant's expert, Daniel Lewis, placed on the property. Appellees contend that Lewis's evaluation method was flawed and that he was unqualified to give an opinion on the value of the landfill. Appellees conclude that because appellant failed to include the total consideration paid or to be paid in the future, it did not present competent and probative evidence of the recent sale upon which its opinion of value was based.

■ When an issue concerning the true value of real property for taxation purposes is presented to the BTA, the value set by a board of revision is not presumptively correct. *Cambridge Arms, Ltd. v. Hamilton Cty. Bd. of Revision*

(1994), 69 Ohio St.3d 337, 632 N.E.2d 496. However, in a hearing before the BTA, the taxpayer is obliged to prove his right to a reduction in value. *Springfield Local Bd. of Edn. v. Summit Cty. Bd. of Revision* (1994), 68 Ohio St.3d 493, 628 N.E.2d 1365.

R.C. 5717.04 sets forth the standard of review for appeals from the BTA as follows:

"If upon hearing and consideration of such record and evidence the court decides that the decision of the board appealed from is reasonable and lawful it shall affirm the same, but if the court decides that such decision of the board is unreasonable or unlawful, the court shall reverse and vacate the decision or modify it and enter final judgment in accordance with such modification."

The fair market value of property for tax purposes is a question of fact, the determination of which is primarily within the province of the taxing authorities. *Cuyahoga Cty. Bd. of Revision v. Fodor* (1968), 15 Ohio St.2d 52, 44 O.O.2d 30, 239 N.E.2d 25. This court will not disturb a decision rendered by the BTA with respect to the valuation of a parcel of property unless it affirmatively appears from the record that such decision was unreasonable and unlawful. *Id.*

In the case at bar, the BTA concluded that appellant failed to satisfy its burden of proof. The BTA found that the purchase agreement clearly indicated that more than a fee simple interest in the property was transferred via the March 3, 1993 purchase. The BTA was unpersuaded that the entire value of the property could be determined by the per-acre price reflected in the acquisition of the acreage contained in Parcel 2 for $42,500. Finally, the BTA discredited the testimony of appellant's expert, Daniel Lewis.

In light of the fact that the BTA is vested with wide discretion in determining the weight to be given to the evidence and the credibility of witnesses who come before it, and is not required to adopt the valuation fixed by any expert or witness pursuant to *Cardinal Fed. S. & L. Assn. v. Cuyahoga Cty. Bd. of Revision* (1975), 44 Ohio St.2d 13, 73 O.O.2d 83, 336 N.E.2d 433, it cannot be said that the BTA erred in finding that appellant failed to present competent and probative evidence concerning the terms of the purchase in order to warrant a reduction in the value of the property.

Appellant's first assignment of error is found to be without merit.

Appellant's second assignment of error alleges:

"The decision of the Board of Tax Appeals is unreasonable and unlawful for the reason that it is not supported by any probative evidence of record."

In *Fed. Paper Bd. Co., Inc. v. Kosydar* (1974), 37 Ohio St.2d 28, 66 O.O.2d 82, 306 N.E.2d 416, the Ohio Supreme Court stated at paragraph two of its syllabus:

"Where a material portion of a Board of Tax Appeals' decision is not supported by any probative evidence of record, the decision is unreasonable and unlawful."

█ Appellant extensively criticizes the testimony of Mellinger, who was appellees' only witness before the BTA. Specifically, appellant points out that although the BTA agreed that the method by which appellee, Columbiana County Board of Revision, determined value "may be somewhat questionable," the BTA nonetheless affirmed the appellee's decision. Assuming appellees' evidence before the BTA was unreliable, appellant concludes that because there is no longer any presumption of correctness with regard to a board of revision decision pursuant to *Springfield Local Bd. of Edn.* and *Cambridge Arms, Ltd., supra,* the BTA was obligated either to place a new value on the property or remand the case to appellee, Columbiana County Board of Revision, for further proceedings in accordance with R.C. 5717.03. Appellant states that what the BTA could not do, following the pronouncement in *Springfield Local Bd. of Edn., supra,* was simply "rubber-stamp" a board of revision valuation that was not reflective of the property's true value under R.C. 5713.03. We agree.

In *Ratner, supra,* the Ohio Supreme Court held at its syllabus:

"Although the sale price is the 'best evidence' of true value of real property for tax purposes, it is not the only evidence. A review of independent appraisals based upon factors other than the sale price is appropriate where it is shown that the sale price does not reflect true value."

In its decision and order dated March 24, 1995, citing *Ratner, supra,* the BTA specifically stated:

"As our preceding discussion of the Purchase Agreement clearly demonstrates, more than the fee simple interest in the subject property was transferred on March 3, 1993, *i.e.,* personal property, land, engineering work, etc. Furthermore, the amount actually paid for the real property cannot be readily ascertained from a review of the Purchase Agreement. It is precisely this type of complex sale agreement for which the Supreme Court recognized the need for independent appraisal analysis in which cash equivalency calculations are utilized and/or a true value is estimated through acceptable methods of real estate appraisal."

The BTA went on to find:

"From a review of Mellinger's testimony, who indicated that he played a 'very big part' in the BOR's determination of true value for the subject property, we agree with appellant that the manner in which the BOR determined value may be somewhat questionable. * * * Aside from the fact that we are unable to determine whether the capitalization rate utilized is appropriate for this type of property, appellant has pointed out that both annual fees and monthly fees have

been included in the calculation despite the language of the Purchase Agreement to the contrary."

■ As previously stated, Mellinger· was appellees' only witness before the BTA. The "annual fees and monthly fees" to which the BTA refers are a $600,000 annual fee and a fee equalling seventeen percent of the gross disposal receipts, respectively. Appellees included both fees in the valuation of the property, thereby calculating a total present value for both fees at approximately $6,000,000. However, only one, not both, of the fees should have been included. The purchase agreement herein reads at page 10:

"The amount of Six Hundred Thousand Dollars ($600,000.00) to be paid within fifty-five (55) days of the end of the first year after the Closing Date, and on the same date for each year thereafter of the Term, *except that no such payment shall be due for any year in which Monthly Percentage Disposal Fees aggregate in excess of that amount.* Any such monthly payments during any year of the Term shall operate as a credit against the foregoing minimum." (Emphasis added.)

Acknowledging the miscalculation, the BTA nonetheless concluded, citing *Harvard Refuse, Inc. v. Cuyahoga Cty. Bd. of Revision* (Feb. 5, 1987), Cuyahoga App. Nos. 51634 to 51677, unreported, 1987 WL 6116:

"In the absence of reliable independent appraisal analysis which reduces the sales price to its present-day value or which adequately develops the approaches discussed in Ohio Adm.Code 5705–3–03(D), the best indication of value of the subject property remains the value assigned by the BOR."

The value assigned to the property by appellee, Columbiana County Board of Revision, was not presumptively correct. *Springfield Local Bd. of Edn.* and *Cambridge Arms, Ltd., supra.* The BTA specifically acknowledged the many flaws in the method that was utilized by appellee, Columbiana County Board of Revision, to establish the property value. The BTA further recognized that given the terms of the purchase agreement in this case, an independent appraisal analysis, pursuant to the dictates of *Ratner,* was warranted; however, it failed to direct that such an appraisal be completed.

■ R.C. 5717.04 directs this court to reverse, vacate, or modify a decision on appeal from the BTA if it is unreasonable and unlawful. The power to reverse and vacate a decision encompasses the power to remand the cause to the decision maker. *Superior Metal Products, Inc. v. Ohio Bur. of Emp. Serv.* (1975), 41 Ohio St.2d 143, 70 O.O.2d 263, 324 N.E.2d 179. In light of *Ratner, Federal Paper Bd. Co.,* and *Springfield Local Bd. of Edn., supra,* this case is remanded to the BTA for further proceedings consistent with the law set forth herein.

Appellant's second assignment of error is found to have merit.

Given our decision with regard to appellant's second assignment of error, its third assignment of error is moot. However, we will address it for purposes of clarification.

Appellant's third assignment of error alleges:

"The Ohio Board of Tax Appeals impermissibly valued the real property in question based upon 'value-in-use' rather than 'value-in-exchange.'"

Appellant refers to Mellinger's testimony wherein he acknowledged that the purchase price he used to value the property included the price of the property as a going concern on the property as a whole and not just the real estate. Appellant claims that this constitutes a "value-in-use" calculation, when a "value in exchange" calculation should more appropriately have been utilized.

Appellant relies upon *Care–Mor, Inc. v. Stark Cty. Bd. of Revision* (May 27, 1994), BTA No. 92–G–69, unreported, 1994 WL 242094, to support its contention that "value in exchange" refers to market value, and further cites *State ex rel. Park Invest. Co. v. Bd. of Tax Appeals* (1972), 32 Ohio St.2d 28, 61 O.O.2d 238, 289 N.E.2d 579, wherein the Ohio Supreme Court determined that valuation must be based upon fair market value.

Appellee responds that "value in use" and "value in exchange" are one and the same, since the right to use the landfill was intertwined with the real property. Appellees conclude that because the business value of the landfill was inseparable from the property in question, both should be utilized in determining the property's taxable value.

In *Harvard, supra,* the taxpayer acquired a landfill and an EPA license for the operation of the landfill in one purchase. The taxpayer asserted that intangible personal property (payment for a going business concern and any licenses necessary to continue using the property for a landfill) was part of the purchase agreement but should not be included in the valuation of the property for taxation purposes. The court in *Harvard* concluded:

"[T]he alleged intangible personal property had no value separate from the real property unless it could be sold separately. The Board of Tax Appeals had a duty to value the property for its highest and best use."

In light of the court's ruling in *Harvard,* we find that the BTA's decision herein to value the property based upon its "value in use" was not unlawful or unreasonable.

Appellant's third assignment of error is found to be without merit.

The decision of the Board of Tax Appeals is reversed, and this cause is remanded for further proceedings according to law and consistent with this opinion.

*Decision reversed*
*and cause remanded.*

JOSEPH E. O'NEILL, P.J., and GENE DONOFRIO, J., concur.