[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] DECISION
Appellant, CC-Investors 1997-12, appeals from the September 7, 2001 judgment of the Ohio Board of Tax Appeals ("BTA") reversing the March 8, 2000 order of the Franklin County Board of Revision ("BOR"). For the following reasons, we affirm the judgment of the BTA.
This matter is before this court on two consolidated appeals. The facts in this consolidated matter are as follows. The subject property is a parcel of land located in the Westerville City School taxing district, Franklin County, Columbus, Ohio. The subject property was improved with a freestanding electronics store. On or about February 18, 1997, the property was transferred to Circuit City Stores, Inc. ("Circuit City"). For tax year 1998, after the property was transferred, the Franklin County Auditor determined the true value of the property to be $2,901,600.
After Circuit City purchased the subject property, it razed the existing building and constructed a new 32,791 square foot building. On or about February 6, 1998, Circuit City sold its interest in the subject property by a limited warranty deed to appellant for the purchase price of $5,600,000.
For the 1998 tax year, the Franklin County Auditor determined the true value of the subject property to be $2,901,600 and the taxable value to be $1,015,560. In 1999, due to the triennial update period, the auditor placed new values on the subject property. The auditor determined the true value of the subject property to be $3,100,000 and the taxable value to be $1,085,000. On March 31, 1999, appellee, Westerville Board of Education, filed a complaint with the BOR seeking an increase in the true value of the subject property for the 1998 tax year to reflect the recent sale of the subject property. Appellee argued that the true value should be increased from $2,901,600 in 1998 and $3,100,000 in 1999 to $5,600,000 (the sale price of the subject property) for both 1998 and 1999. Appellant filed a counter-complaint with the BOR.
On March 2, 2000, a hearing was held before the BOR. At the hearing, appellee presented evidence of the increase of the value of the subject property by submitting a copy of the warranty deed and the conveyance fee statement that was submitted to the auditor's office at the time the deed was recorded. Appellant also presented testimony and submitted documentation. Mr. Bill McVeigh, who identified himself as a real property tax agent, testified on behalf of appellant. Appellant also presented a copy of the settlement statement, which reflected the purchase price of the subject property and the leasehold by Circuit City, a copy of the general warranty deed, and a copy of a "lease summary."[1]
On March 8, 2000, the BOR determined that the valuation of the subject property would remain unchanged for the tax lien date January 1, 1999. The BOR determined that the subject property's fair market value will remain at $3,100,000 and the taxable value will remain at $1,085,000. On April 5, 2000, appellee appealed the BOR's decision to the BTA. On September 7, 2001, the BTA issued its decision and order determining, upon a preponderance of probative and competent evidence, that the true value of the subject property, as of January 1, 1998, was $5,600,000, and the taxable value of the subject property was $1,960,000.
Appellant appealed and assigned five errors. However, appellant failed to argue these assignments of error separately in its brief as required under App.R. 16(A). See, also, App.R. 12(A)(2). This court has the authority to disregard any error neither assigned nor argued in compliance with App.R. 16. App.R. 12(A)(2); Franklin Cty. Dist. Bd. of Health v. Sturgill (Dec. 14, 1999), Franklin App. No. 99AP-362. However, in the interests of justice, we shall facilitate an analysis of appellant's assignments of error, and present them as appellant presented them in its notice of appeal:
 1. The decision erroneously determined that a transaction involving a sale leaseback of the subject property was an arms' length sale, contrary to Kroger v. Hamilton Cty. Bd. of Revision (1993), 67 Ohio St.3d 145; School Emp. Ret. Bd. of Ohio v. Franklin Cty. Bd. of Revision (February 4, 1993), Franklin App. Nos. 92AP-1177 1178; and Lindhurst Bd. of Education v. Cuyahoga Cty. Bd. of Revision (1996), 74 Ohio St.3d 314.
 2. The Board of Tax Appeals unlawfully and erroneously rejected the findings and determinations of the Franklin County Board of Revision.
 3. The Board of Tax Appeals unlawfully and erroneously rejected the evidence and findings certified to the Board by the Franklin County Board of Revision and Auditor.
 4. The Board of Tax Appeals unlawfully and erroneously ignored the statutory transcript filed with the BTA by the Franklin County Auditor and Board of Revision, even though the original appellant-board of education requested that its appeal be determined "on-the-record" and waived the presentation of additional evidence.
 5. The BTA determination [sic] is unlawful and erroneous in that it relies on evidence not of record.
Appellant's errors are interrelated and will be addressed together. The review standard for appeals from the Ohio BTA is set forth in R.C. 5717.04:
 If upon hearing and consideration of such record and evidence the court decides that the decision of the board appealed from is reasonable and lawful it shall affirm the same, but if the court decides that such decision of the board is unreasonable or unlawful, the court shall reverse and vacate the decision or modify it and enter final judgment in accordance with such modification.
 The fair market value of property for tax purposes is a question of fact, the determination of which lies within the taxing authorities. Bd. of Revision v. Fodor (1968), 15 Ohio St.2d 52. In Fodor, the Ohio Supreme Court held that a court would not disturb a decision of the BTA with respect to property valuation unless it affirmatively appears from the record that such decision is unreasonable or unlawful. The BTA has wide discretion in considering the weight of the evidence and the credibility of the witnesses before it. Cardinal Federal S. L. Assn. v. Cuyahoga Cty. Bd. of Revision (1975), 44 Ohio St.2d 13. Accordingly, a reviewing court will not sit as a trier of fact de novo. Youngstown Sheet Tube Co. v. Bd. of Revision (1981), 66 Ohio St.2d 398.
 The issue in this appeal is the determination of the true value of certain real property for tax purposes as of 1989. The best evidence of the true value of real property is an actual, recent sale of the property in an arm's-length transaction. Conalco v. Bd. of Revision (1977), 50 Ohio St.2d 129. Where no recent arm's-length sale has taken place, the use of expert appraisal evidence to determine the true value is appropriate. Columbus Bd. of Edn. v. Fountain Square Assoc., Ltd. (1984), 9 Ohio St.3d 218.
 R.C. 5713.03 requires the county auditor to determine, as nearly as practicable, the true value of each separate tract, lot or parcel of real property and of buildings, structure and improvements located on the property from the best sources of information possible. R.C. 5713.03 provides, in part, that the county auditor:
 * * * In determining the true value of any tract, lot, or parcel of real estate under this section, if such tract, lot, or parcel has been the subject of an arm's length sale between a willing seller and a willing buyer within a reasonable length of time, either before or after the tax lien date, the auditor shall consider the sale price of such tract, lot, or parcel to be the true value for taxation purposes. * * *
When an issue concerning the true value of real property for taxation purposes is presented to the BTA, the value set by the BOR is not presumptively correct. Amsdell v. Cuyahoga Cty. Bd. of Revision (1994),69 Ohio St.3d 572, 574; Cambridge Arms, Ltd. v. Hamilton Cty. Bd. of Revision (1994), 69 Ohio St.3d 337. However, in a hearing before the BTA, the taxpayer is obliged to prove his right to a reduction in value. Springfield Local Bd. of Edn v. Summit Cty. Bd. of Revision (1994),68 Ohio St.3d 493.
In the case at bar, the BTA held that appellants failed to present any competent and probative evidence that the evidence presented by appellees, of an arm's-length sale, was not indicative of the true value of the property. Specifically, the BTA questioned Mr. McVeigh's ability to testify competently about the sale, because Mr. McVeigh did not participate in the sale of the subject property. The BTA held that Mr. McVeigh did not hold himself out as a real estate agent, nor was he able to offer an opinion as to the value for the subject property. The BTA noted that there was no evidence in the record as to an appraisal of the subject property nor was there any evidence of the fair market value of the subject property other than the limited warranty deed and the conveyance fee statement.
When a case is appealed from the BOR to the BTA, the burden of proof is on appellant, whether it be the taxpayer or the board of education, to prove its right to an increase or decrease from the value determined by the BOR. Cincinnati Bd. of Edn. v. Hamilton Cty. Bd. of Revision (1997), 78 Ohio St.3d 325, 328. The appellant before the BTA must present competent and probative evidence to make its case, and is not entitled to a reduction or an increase in valuation merely because no evidence is presented against its claim. Hibschman v. Bd. of Tax Appeals (1943), 142 Ohio St. 47.
In this case, the burden was on appellee, Westerville Board of Education, to prove its right to an increase from the taxation value determined by the BOR. Appellee met its burden of persuasion by providing competent and credible evidence as to the true valuation of the subject property. Appellee presented evidence that the subject property was sold in an arm's-length sale on or about February 18, 1997, for an amount that accurately reflects the true value of the subject property. Appellant, on the other hand, failed to rebut this evidence with competent and credible evidence as to a lower value of the subject property. Additionally, Mr. McVeigh did not possess the knowledge needed to testify as to the sale transaction.
In light of the fact that the BTA is vested with wide discretion in determining the weight to be given to the evidence and the credibility of witnesses who come before it, and is not required to adopt the valuation fixed by any expert or witness pursuant to Cardinal Federal S. L. Assn., it cannot be said that the BTA erred in finding that appellant failed to present competent and probative evidence concerning the terms of the purchase in order to warrant a decrease in the value of the subject property. The BTA's decision was reasonable and lawful. Accordingly, appellant's errors, as raised in its notice of appeal, are not well-taken.
For the foregoing reasons, appellant's five assignments of error are overruled and the judgment of the BTA is affirmed.
Judgment affirmed.
TYACK, P.J., and DESHLER, J., concur.
[1] Mr. McVeigh testified that the lease summary reflected Circuit City's intent to participate in the sale/leaseback of the subject property with appellant. The term of the lease was for 22 years, with two automatic lease renewals every ten years.